## THE PEOPLE *vs.* KIMBALL.

Section 2, of Art. 18, of the Revised Constitution, provides, "that when private property is taken for the use and benefit of the public, the necessity for using such property, etc., and the just compensation to be made therefor, except, etc., shall be ascertained by a jury, etc. No law having been passed in relation to township roads since the adoption of the Constitution, and the laws relating thereto previously adopted, being repugnant to the provisions of said section, there is consequently no law, and there has been none since 1851, authorizing the laying out of township roads.

The People *vs.* Kimball.

Case reserved from Monroe Circuit.

By the Court, WING, J.

The fourth section of chapter 25 of the Revised Statutes authorizes the Commissioner of Highways to lay out highways, upon the application of three or more persons in any township, liable to be assessed for highway labor. This section is amended by Session Laws of 1848, p. 100, by which the Commissioners are authorized to act upon the application of ten or more freeholders, resident in such township, who shall wish to have a highway in said township laid out.

The highway in question is a legal one, if the laws to which we have referred are in force—if they are not repugnant to some of the provisions of the Constitution. It will be perceived that they were enacted long prior to the adoption of the Constitution of 1851, and if in force, it is by virtue of the second section of the schedule, by which it is provided that the common and statute law now in force, not repugnant to this Constitution, shall remain in force until they expire by their own limitation, or are altered or repealed by the Legislature.

The second section of the 18th article of the Constitution provides : "That when private property is taken for the use and benefit of the public, the necessity for using such property, and the just compensation to be made therefor, except when to be made by the State, shall be ascertained by a jury of twelve freeholders residing in the vicinity of such property, or not less than three Commissioners appointed by a Court of Record, as shall be prescribed by law." The 14th section of the same article contains a similar provision in relation to the opening of private roads.

It cannot be doubted that taking the lands of a citizen for a public highway, is taking property for the use and benefit of the public, within the meaning of this section we have cited. It is apparent from this, as well as the 11th section of 10th

article, that it was the intention of the Convention to change the mode of laying out highways, and to commit the charge of this matter, as well as of constructing bridges, and of organizing townships, to the Supervisors of each organized County, under such restrictions and limitations as shall be prescribed by law.

The only Act which has been passed by the Legislature since the adoption of the Constitution, which relates to this subject, is that to be found on the 24th page of Session Laws of 1851. This only embraces State and territorial roads. It provides that, "any person feeling himself aggrieved by the laying out, etc., of any road or roads, may have his damages appraised, and obtain the same in the same manner, and under the same restrictions, made and provided relative to township roads." Unfortunately for the public, no law has been passed in relation to laying out township roads since the adoption of the Constitution, though it is apparent, from the clause last cited, that it was the intention of the Legislature to have passed the law to which they purport to refer, but it was forgotten in the hurry of business; and consequently, as the laws of 1846 and 1848, under which this road was laid out, are repugnant to the second section of the 18th article of the Constitution, there is no law, and there has been none since 1851, authorizing the laying out of township roads.

It manifestly was the intention of the Constitutional Convention of 1851 to surround the rights of individuals with additional guards, and to place them upon as sound a basis as was consistent with the rights and necessities of the public. Instead of permitting (as theretofore) the exercise by the State of the right of eminent domain upon the petition of "two" or "ten" of its citizens who might reside in a remote portion of the town, and be influenced by the importunities of a single interested individual, or by mere caprice, they required that the necessity for such an exercise of power should be made manifest by the intelligent action of twelve

13

freeholders residing in the vicinity of the property to be taken, who should constitute a jury, and act under the responsibilities of an oath.

Notwithstanding the provision of the second section of the 18th article has operated since its adoption as a protection to individuals against the exercise by the State of its rights of sovereignty in any other mode than is therein specified, no legal provision has been made by which the rights which were intended to be secured and preserved to the State by the same section, can be enforced against individual citizens.

It follows of necessity, that the supposed highway in question was illegally laid out, and the plaintiff cannot sustain his action against the defendant.

Let it be certified to the Circuit Court for the County of Monroe as the opinion of this Court, that the motion for a new trial, which was reserved for our opinion thereon, should be overruled.

Certified accordingly.