JAMES TRUAX AND ANDREW TRUAX v. GEORGE S. STER-
LING, COMMISSIONER OF HIGHWAYS FOR
THE TOWNSHIP OF DORR.

*Highways—Proceedings to establish—Affidavit of service of notice—
Return of commissioner.*

1. The affidavit of service of notice by the highway commissioner
of the time and place for determining the necessity of laying
out a highway is in the nature of legal process, and must show
that the commissioner obtained jurisdiction to proceed to the
hearing. *Dupont v. Commissioners,* 28 Mich. 362; *Names v.
Commissioners,* 30 Id. 490; *Association v. Commissioners,* 34
Id. 36.

2. An affidavit of service upon a railroad company of a notice of
a meeting by a highway commissioner to determine the neces-
sity of laying out a highway, which shows that such service
was made "by leaving a copy of the notice with their freight
agent at Dorr station," is fatally defective, as is one which
fails to show that the persons with whom, or at whose place
of residence, the notice was left, were either owners or occu-
pants of the lands on the line of the proposed highway.

3. The taking of the lands of a citizen for a public highway is tak-
ing property for the use and benefit of the public, within the
meaning of Art. 18, § 2, of the Constitution. *People v. Kim-
ball,* 4 Mich. 95.

4. The return of a highway commissioner of his proceedings in
laying out a highway must show, *affirmatively,* that he ascer-
tained and determined that it was necessary to take the land
appropriated for *use* as such highway.

5. Where a highway is laid out parallel to and within one-half
mile of an existing highway, the damages awarded to the owner
of lands taken cannot be estimated at less than their value for
general farming purposes, unless by his assent, which fact must
appear by the return of the commissioner.

*Mandamus.* Submitted January 29, 1889. Denied
February 15, 1889.

Relators apply for *mandamus* to compel respondent to

issue orders to pay damages awarded by a former commissioner in proceedings to lay out a highway. The facts are stated in the opinion.

*W. B. Williams & Son*, for relators.

*Padgham & Humphrey*, for respondent.

LONG, J. Petition for *mandamus.*

George S. Sterling is commissioner of highways of the township of Dorr, Allegan county. Claim is made that Sylvanus Felton, who preceded respondent as such commissioner, laid out a highway a mile in length across section 34 in said township, in April, 1888. The line of such highway passed through the lands of several different persons. Four of these persons, through whose lands such highway passed, were awarded by Commissioner Felton certain amounts as damages, while others, among whom are the relators, were awarded no damages. These damages not being paid, and the highway not opened, the relators now ask a *mandamus* to compel the present commissioner to issue orders for the payment of the damages so awarded by Commissioner Felton. An order to show cause was issued by this Court, directed to the present commissioner. He answered, giving his reasons for not issuing or tendering such orders, and sets out in full the proceedings had by Mr. Felton in laying out and establishing such highway; claiming that the proceedings had were so defective that Felton acquired no jurisdiction, and no legal highway is established.

It appears that on March 10, 1888, a petition, signed by eight freeholders of the township of Dorr, was presented to Mr. Felton, as commissioner of highways, asking that such highway be laid out, and that on March 15 he served a notice on the parties interested in the

74 MICH.—.11

lands to be taken, stating that the commissioner would meet at the house of Mrs. Osborn, in said town, on March 28, 1888, at 9 o'clock A. M., to proceed to view the premises described in said application and notice, and ascertain and determine the necessity of laying out the highway above described, and to appraise the damages thereon. The commissioner made an affidavit of service of this notice, in which he says he served the notice upon James Tanner, Mrs. Osborn, A. Truax, A. P. Varney, F. D. Schofield, James R. Thompson, L. W. Ehle, Fred Ehle, and the Lake Shore & Michigan Southern Railroad Company, by leaving a copy of the notice with their freight agent at Dorr station, on said railroad, by personal service upon James Tanner, L. W. Ehle, and Fred Ehle, and by leaving a copy at the residence of the other persons above named.

It appears that on April 4 and 5, 1888, the commissioner met with a surveyor, and caused a survey of such proposed highway, and made a map or plat thereof. On April 7, 1888, the commissioner made the following return of his doings in the premises, and filed the same in the office of the township clerk, with all the papers relating to the laying out of such highway, including proofs of service of notice upon the parties interested, as above stated. The return made by the commissioner is as follows:

" The undersigned commissioner of highways of the township of Dorr, in the county of Allegan, hereby makes return that, upon the application made to him in pursuance of law by seven or more freeholders of said township to lay out a highway as hereafter described, the said highway commissioner did, after due notice, given according to law, proceed on March 28, 1888, to view the premises described in said application and notice, and ascertain and determine the necessity of laying out such highway. Said hearing was adjourned to April 7, 1888, when

I proceeded to justly and impartially appraise damages thereon. And doth further return that he considers and determines that a public highway shall be, and the same is hereby, laid out pursuant to said application as follows."

The line of the highway is then described according to the survey and plat. The commissioner then says:

"He doth further return that he has justly and impartially appraised the following amounts of damages thereon sustained by the persons named, and payable to them, by reason of laying out said highway, as follows."

The names of the parties, and the amount of damages awarded to each, are then stated in the return, as well as the names of those to whom no damages are awarded.

On the same day the commissioner made a supplemental return, as follows:

"Application having been made to the undersigned commissioner of highways of said township by at least seven freeholders therein, for laying out a highway as hereinafter described, and the said commissioner having pursuant to statute ascertained and determined the necessity of taking the property required for such highway, and appraised the damages thereof, and having duly made return of his proceedings, and the same being filed in the office of the township clerk, the said commissioner doth hereby order and determine that a highway be, and the same is hereby, laid out and established, as follows."

The line of the highway is then described.

It appears that on May 19, 1888, James Truax, Allison P. Varney, James R. Thompson, Frank D. Schofield, and Fred E. Ehle made and delivered a release of the right of way of land for such highway across their respective lands, in consideration of one dollar, and agreed therein that—

"Said highway may pass over the lands and premises owned by us in severalty on the line of said road, and we do hereby severally release to said township of Dorr all claims to damages by reason of said highway running through our lands."

On the same day John Truax executed a release in the same form. All these proceedings appear of record in the office of the town clerk of the township of Dorr.

It is contended, first, that there was no sufficient service of notice upon the railroad company. Section 1298, How. Stat., provides:

"Notice shall be served upon railroad companies by leaving a copy thereof with the agent in charge of any ticket or freight office of the company operating such railroad on the line thereof."

And by section 1299 it is provided:

"Upon the service of the notice required by the last preceding section, and before any further proceedings shall be had, the commissioner, or other person by whom the service was made, shall make and annex to such notice, or a copy thereof, an affidavit stating the time and manner of service, whether personally or by posting, or both, and, if upon a railroad company, the fact of such service, and upon whom, and such notice and affidavit shall be attached to the application, and the whole shall be present with the commissioner at the time of the hearing upon the application."

The affidavit shows that service was made—

"By leaving a copy of the notice with their freight agent at Dorr station."

The affidavit does not give name of the freight agent, nor does it show that the person upon whom it was served was in charge of the freight office of the company. It is not shown that these papers required by section 1299 were present with the commissioner at the time of hearing upon the application. The affidavit of service is defective in this and several other particulars. The affidavit is in the nature of legal process, and it must be shown by it that the commissioner obtained jurisdiction to proceed to the hearing. *Dupont v. Commissioners,* 28 Mich. 362; *Names v. Commissioners,* 30 Id. 490; *Association v. Commissioners,* 34 Id. 36.

The affidavit also fails to show that the notice was left at the residence of each owner or occupant, as required by section 1298. It fails to show that the persons with whom the notice was left, or at whose place of residence it was left, were either owners or occupants of the lands on the line described. Other defects in the affidavit of service of notice appear, and which have been pointed out in other cases by this Court, which we need not now discuss, as the finding made by the commissioner is so ғatally defective that it must dispose of the case.

Apparently the commissioner in making his return of findings followed the form laid down in a pamphlet and book of forms issued by the Secretary of State in 1885. This form is found in the pamphlet at page 91, and is marked form "No. 5." This return of the commissioner's findings is not in compliance with the provisions of the Constitution, nor the statute relative to the laying out of highways and taking private property for public use. Article 18, § 2, Const., provides that—

"When private property is taken for the use or benefit of the public, the necessity for using such property, and the just compensation to be made therefor, except when to be made by the State, shall be ascertained by a jury of twelve freeholders residing in the vicinity of such property, or by not less than three commissioners appointed by a court of record as shall be prescribed by law: *Provided*, the foregoing provisions shall in no case be construed to apply to the action of commissioners of highways in the official discharge of their duty as highway commissioners."

The taking of the lands of a citizen for a public highway is taking property for the use and benefit of the public, within the meaning of this section. *People v. Kimball*, 4 Mich. 95. The necessity for using such property for a highway, and the just compensation to be made therefor, is, however, by the proviso contained in the section, committed to the commissioners of highways;

and it is thereby made the duty of the commissioners of
highways to determine this necessity before any lands can
be set aside and appropriated to public use, even for such
purposes.    .When  this  necessity  is  so  determined  by  the
commissioners, they have then the power, and it is their
duty, under this section, to adjudge and determine the
just compensation to be made.

This  is  not  the  only  provision  of  the  Constitution
which restricts the taking of private property for public
use without compensation.    Article 15, § 9, provides:

" The property of no person shall be taken by any cor-
poration for public use without compensation being first
made or secured in such manner as may be prescribed by
law."

Somewhat similar provisions are to be found in Article
18, § 14.    In  the  case  of  taking  private  property  for
public use, the necessity for such taking, and compensa-
tion to be made, is, under these various provisions of the
Constitution, committed to a jury of twelve freeholders,
residing in the vicinity of the property, or to not less
than three commissioners, to be appointed by a court of
record, except in case of the laying out a public high-
way, when not only the necessity of the taking, but the
compensation to be made, is by the proviso of section 2,
Art.  18,  committed  to  the  commissioner  of  highways.
The Legislature has given this construction to the pro-
viso.    Section 1300, How. Stat., provides:

" The commissioner shall, at the time appointed, pro-
ceed to view the premises described in the application and
notice, and to ascertain and determine the necessity for
laying out, altering, or discontinuing a highway pursuant
to  such  application,  and  to  appraise  the  damage  on
account thereof, if any is claimed," etc.

This section also provides—.

" That, in case a highway shall be laid out parallel to,
and within one-half mile of, an already existing highway,

the damages upon any lands taken therefor shall not be estimated at less than the value of such lands for general farming purposes, unless by the assent of the owner of such lands."

The return of the commissioner in this case heretofore set out states that he did—

"On March 28, 1888, proceed to view the premises described in said application and notice, and ascertain and determine the necessity of laying out such highway, *  *  * when I proceeded to justly and impartially appraise damages thereon."

The finding then continues:

"And doth further return that he considers and determines that a public highway shall be, and the same is hereby, laid out pursuant to such application, as follows: *  *  * and he doth further return that he has justly and impartially appraised the following amounts of damages thereon sustained by the persons named," etc.

This, in substance, is all the finding ever made by the commissioner, as appears by the record, except in a supplemental return made by him, in which he states that, having ascertained and determined the necessity of taking the property required for such highway, and appraised the damages thereon, and having made return of such proceedings, and filed the same in the town clerk's office, he orders and determines that the highway is laid out and established. Nowhere in the finding, except as referred to in this supplemental return, does the commissioner state that it is necessary to take this property for public use. He states, in this supplemental return ordering the highway laid out, that he has ascertained and determined this necessity, but his finding nowhere states such facts, and is fatally defective in this regard.

Another important fact was necessary to be found and returned by the commissioner. It appears from the return made by the respondent to this Court that his

petition was for the laying out of a quarter line road, and that there was at that time a public highway laid and opened for travel, which for many years had been used as a public highway, and running parallel with the line of the proposed road, and within one-half mile thereof, and on the north section line, and that another road had been laid out within one-half mile of the proposed road, and parallel with it, on the south section line.   The commissioner's return does not show that he appraised the damages of these parties at the value of the lands for farming purposes, as provided by section 1300, How. Stat., above set forth.

Other defects appear in the record of proceedings which we do not deem necessary now to point out.   Some contention arises as to whether the commissioner has power and authority to draw the orders, and tender them as an award of damages for the taking of the property.   The provisions of the statute relating thereto are found in sections 1313, 1319, How. Stat.   Other sections of the statute are referred to by counsel, from which it is claimed that the commissioner has no power to draw such orders, but that such duty rests with the township board.   These questions we need not discuss in the present case.

It is apparent that the whole proceeding is fatally defective, and no highway legally laid out by the old commissioner, and the respondent rightfully refused to issue or tender such orders.   The writ must be denied.   No costs will be awarded.

The other Justices concurred.