## PEOPLE v. HART.

The penalty given by R. S. ch. 41, sec. 1, for selling wine, brandy, rum or other spirituous liquor, without a license as tavern keeper or common victualler, may be recovered by indictment.

CASE reserved from Macomb County Court. Hart was indicted and convicted in the county court for selling liquor, contrary to the provisions of sec. 1, ch. 41, R. S., p. 184. He moved an arrest of judgment, on the ground the penalty given by the act could not be recovered by indictment, and the question was reserved by the county judge for the opinion of this court.

*By the court*, MILES, J. To determine the question reserved, it is only necessary to look at the different provisions of the statutes relating to the subject.

The first section of chapter 41, R. S., p. 184, forbids any person be-ing a common seller of spirituous liquors, " on pain of forfeiting one hundred dollars." The thirty-first section provides for the recovery of all penalties and forfeitures prescribed in the chapter in an action of debt.

By section 3, R. S., p. 560, jurisdiction is conferred upon justices of the peace of all actions for the recovery of penalties or forfeitures when the amount of the penalty or forfeiture shall not exceed one hundred dollars. Section 10 of the same chapter, declares, that in all cases where the penalty or forfeiture shall be one hundred dollars or more, it may be recovered by indictment in the proper court of the county.

The county court has jurisdiction of all matters at law, civil and criminal, except in probate cases, actions of ejectment, and cases civil and criminal, which are by law made cognizable before justices of the peace.

Here, although a justice has jurisdiction in an action brought to re-cover the forfeiture, yet he cannot have jurisdiction of a proceeding by way of indictment to accomplish the same object.

The law makes no provision for summoning an inquest or grand jury in a justice's court, and without such jury an indictment cannot be found. Hence such proceeding must necessarily be commenced and prosecuted in the county court, where alone a grand jury can be sum-moned.

That part of the statute conferring power upon a justice of the peace to entertain the civil suit, contains no words of exclusion against any other tribunal. The statute confers the same power upon any oth-er proper court, to be exercised in a different form of proceeding. The county court is the proper court to proceed in the mode indicated by the statute.

We think, then, it should be certified to the county court of Macomb county, that the motion in arrest of judgment should be overruled.

*Certified accordingly.*