SIDNEY SHUE v. HIGHWAY COMMISSIONER OF THE TOWNSHIP OF RICHMOND.

EMMETT W. MORGAN v. SAME.

*Opening and discontinuance of highways.*

Proceedings to open a highway must be quashed where the return of the commissioner of highways shows neither the time nor the manner of notice and gives no full account of the transactions giving him authority to act.

Discontinuance of a highway that has been in use for twenty years must rest on the unanimous approval of the town board, and that should precede the return made by the commissioner of highways as to his proceedings.

Proceedings to open one highway and discontinue another cannot be combined; only one proceeding can be taken at a time, and every road must be opened or closed on its own merits.

Highway commissioners and township boards have no authority to act for the mere purpose of settling boundaries, and cannot properly disturb any possession with that object.

The location of a highway according to the original survey is generally of no consequence where abutting owners have held continued occupancy for twenty-five years.

Certiorari to commissioner of highways. Submitted October 9. Decided October 14.

*O. S. Burgess, Edgar Weeks* and *Edwin F. Conely* for plaintiff in certiorari. A highway commissioner's return

of his proceedings in opening or discontinuing a road must show when and how service of notice was made upon property owners who would be affected thereby. *People v. Com'rs*, 14 Mich., 528; *Van Auken v. Com'rs*, 27 Mich., 414; *Dupont v. Com'rs*, 28 Mich., 362; *Harbaugh v. Martin*, 30 Mich., 234; *Names v. Com'rs*, 30 Mich., 490; *Purdy v. Martin*, 31 Mich., 455; *Brush v. Detroit*, 32 Mich., 43; *Morseman v. Ionia*, 32 Mich., 283; *Ross v. Com'rs*, 32 Mich., 301; *Detroit Sharpshooters' Ass'n v. Highw'y Com'rs*, 34 Mich., 36; *Phillips v. Com'rs*, 35 Mich., 15; *Platt v. Com'rs*, 38 Mich., 247; *Tefft v. Township Board*, 38 Mich.,   ; *Dickinson v. Van Wormer*, 39 Mich.,   ; *Lane v. Burnap*, id.; *Taylor v. Burnap*, id.; *Gray v. Com'r*, 40 Mich., 165; *Tireman v. Drain Com'rs*, 40 Mich., 175.

CAMPBELL, C. J.  On the 6th day of November, 1878, a petition was made to respondent to lay out a highway from the center of section 8 to the center of section 9 along the quarter lines, in the township of Richmond. This is the paper contained in *Shue's* case.

On the 29th of November he made his return to the town clerk showing that he had laid out such highway. It was accompanied by what is called a survey, which contains nothing substantially more definite than the return itself and is entirely useless to settle the true location of the road under the ambiguity set forth in the affidavit for certiorari, which will be referred to hereafter in connection with the general merits.

The return contains no showing concerning the time and manner of notice, and no full account of any of the transactions required to give him authority to act. It is therefore invalid, and the proceeding must be quashed.

But the affidavit shows that the real purpose of this proceeding was to change the direction of an old highway already running a certain distance on what purported to be the quarter line, but which after a continued occupancy and recognition of over twenty-five

years is now claimed to have been incorrectly located. If this was the purpose, such a description as that contained in these proceedings would in no way operate to determine which was the true line and would give no indication from which any change at all could be inferred. Upon this subject we shall remark further under the other case of *Morgan's*.

In this case the application was twofold. It was dated November 27th, 1878, and averred that a mistake had been made in surveying and building a highway from the center of section 10 to the center of section 9, which was the terminus of the road before referred to in *Shue's* case. This road also is set forth as running on the quarter lines. The petition was to discontinue the line as built, and open a new highway on the true line. The commissioner thereupon undertook to discontinue the old highway and on the same day to open a new one. The discontinuance and the new line are both, so far as language goes, legally identical, and the survey returned is in no way calculated to clear up the matter. It is grossly imperfect.

This proceeding is invalid for several reasons. The statute does not allow two roads to be included in one proceeding, and here the two roads are meant to be different. Only one proceeding can be had at a time. Comp. L., § 1252: 1 Sess. L. 1873, p. 178. Every road must be opened or closed on its own merits. It is easy to see how great mischief and wrong might be done by uniting several different schemes, and if they can be united there is no statutory rule which would require them to be near or connected. Combinations of such separate interests are not allowed.

The action as appearing by the return is repugnant. The discontinuance in the one case is the same as the road opened.

But it further appears that this was an attempt to discontinue a highway which had been in use more than twenty years. In order to do this, where it can be done

at all, there must be the unanimous approval of the town board; and this we think must precede the return of the commissioner's action, inasmuch as that does not necessarily and does not in fact here show the quality of the road as an ancient one.  1 Sess. L. 1873, p. 178.

This disposes of the case.  But we feel it our duty to say that it is no part of the duty of highway commissioners or town boards to settle boundaries, and that action for that purpose which is not required for any other is an abuse of authority.  Continued occupancy for the period involved here would generally render the location of original surveys of no consequence, and changes disturbing long possessions cannot be regarded as proper or justifiable.

The proceedings must be quashed.

The other Justices concurred.