Owen, J.
The original proceeding in the court of common pleas was a petition in error to reverse an order of the trustees of Cynthian township, Shelby county, for the laying out, establishing, and opening of a certain township road across the plaintiffs’ lands.
The provisions under which the proceedings were had provides(Sec. XXX, S. & C. 1296) for petitioning the township trustees for a road, “after giving thirty days’ previous notice thereof, by advertisement posted up at three public places within said township, setting forth in said advertisement the time when such petition is to be presented, the place of beginning, intermediate points, if any, and place of termination of said road.” Sec. XXXI provides: “ That on such petition being presented to the trustees, and they being satisfied that proper notice has been given as aforesaid, they shall” proceed to act nipón the petition.
The record from which it is claimed that error appears recites: “ Petition presented to the township trustees on the 26th day of April, 1877, after having notices up in three public places in the township for thirty days, and the trustees act as follows: Do grant the prayer of said petition, and appoint the following viewers: etc. . . „ (Report of viewers.) . . . Ve, the undersigned, viewers, assess no damages on account that there was no description *337 given in any of the claims handed to us.” (Signed by the viewers.)
The road was ordered to be established.
The foregoing presents so much of the record of the proceedings as it is claimed tends to show notice of the presentation of the petition, etc., or appearance of the plaintiffs in error in the road proceedings. It is clear, that no apfpearance is shown by these recitals. The court of common pleas affirmed the order of the trustees, and the district court affirmed the judgment of the common pleas court. To reverse these orders and judgments the present proceeding is prosecuted.
The plaintiffs in error maintain that error to their prejudice appears upon the face of the record of the proceedings of the trustees, (1) in appointing viewers without the notice of presenting the petition required by the statute; and (2) in establishing the road without compensation for the land appropriated.
This court has held that: “ It is essential to the validity of the proceedings of the township trustees in ordering a view and the establishment of a township road, that the record should show either that the notice of the application required by the statute was duly given, or that the trustees, before ordering the view, were satisfied that such notice had been given, the notice being a step which is essential and precedent to the exercise of the power.” Ferris v. Bramble, 5 Ohio St. 109.
It is not to be supposed that, by the above declaration of the law, this court intended to announce a new principle, or one at war with the well established rule which requires courts or quasi judicial tribunals of limited and special jurisdiction to follow strictly the requirements of the law under which they are proceeding in all matters which are essential to their power to act, and that where private property is to be taken or affected by virtue of special statutory provisions, the latter are to be strictly observed and followed. Nor are we to construe it as a qualification of the well settled rule that such tribunals are not clothed with *338 power to determine for themselves the questions upon which their jurisdiction depends. The proceedings in the case cited were had in 1850, under a road act passed March 11, 1831, which in terms provided: That on such petition being presented to the trustees, and they being satisfied that proper notice has been given as aforesaid,” etc., shall proceed. Swan’s Stats. (1841), 804; 29 Ohio L. 365.
The court simply followed the language of the statute governing the'proceedings under review and evidently intended to go no further than to declare that the requirements of the statute should be strictly complied with.
The record of the proceedings of the trustees now under review recites: Petition presented to the township trustees on the 26th day of April, 1877, after having notices up in three public- places in the township for thirty days, and the trustees act as follows: ” etc.- Does this recital show either that the notice which the statute required was given, or that the trustees were satisfied that it had been ?
There is nothing in this record to indicate the form or substance of the notices. There is nothing to support the assumption that the trustees were satisfied that the notices were sufficient, unless we presume that they would not have proceeded to-establish the road unless or until they were so satisfied.'
The application of such a rule would be to ignore all distinctions between courts of special and limited and those of general jurisdiction. If such a presumption is to obtain, it would dispense with the necessity of any recital concerning the notice. The notice is required to advise all who may be concerned in the subject of it: (1) that a petition for a road is to be presented to the trustees; (2) of the time of its presentation; (3) of the place of beginning of the road; (4) its intermediate points, if any; and (5) the place of its termination. None of these requirements appear to have been observed.
The reasoning of the eminent counsel for • plaintiffs in error is: How can this record be sustained without doing -violence to authority and all sound principle ? To be sure *339 it says: ‘ After having notices up in three public places in the township for thirty days.’ Notices of what? Why say in three public places, or in the township, or for thirty days ? Is any one or all of these facts more' important or more clearly required by the statute than a description of the line of the road or of the time of presenting the petition? If it is good without all, why would it not be without any of these statutory requisites, each one being as important and as explicitly required as any of the others.
“ There is no attempt to cure the defect by even a finding or an expression of opinion by the trustees that the law in regard to notice had been complied with. Surely, the court will not be asked to act on a mere conjecture that the trustees would not have proceeded to act had they not found that the law in this respect had been fulfilled. As well might the court be asked to so conjecture had there not been a syllable on the subject in the record.”
This view seems unanswerable. The only ground for the assumption that the notice was what the law required is to be found in the presumption that the law was observed. This ground is untenable. “ The law in regard to all special proceedings in derogation of private rights requires the jurisdiction and regularity to he manifest on the face of the record, and no substantial omission can be supplied by presumption.” Campbell, C. J., in The People v. Brighton, 20 Mich. 71.
The giving of the notice in the form and manner substantially as required by the statute was prerequisite and essential to the exercise of the power conferred upon the trustees, and they erred to the prejudice of the plaintiffs in ordering the establishment of the road in question without such notice or a showing in the record that they were satisfied it had been given. We are supported in this conclusion by the following authorities: Edmiston v. Edmiston, 2 Ohio, 253; Ludlow v. Johnson, 3 Ohio, 562; Anderson v. Com’rs, 12 Ohio St. 644; Beebe v. Scheidt, 13 Ohio St. 415; Milton v. Wacker, 40 Mich. 229; Shue v. Highway Com’rs, 41 Mich. 638; Cool. Con. Lim. *528.
*340 In Frevert v. Finfrock, 31 Ohio St. 621, this court, upon the facts of that case,' held, in reviewing a proceeding to enjoin the opening of a road through the plaintiffs’ lands, without the payment or tender of compensation or damages for lands taken, that injunction would not lie, but that, ordinarily, the remedy in such case was by error or appeal. There is nothing in the syllabus, the statement of facts,'or opinion in that case which is in conflict with the conclusion announced in the present case.

Judgments and order below reversed, and proceedings of the trustees dismissed.