CHARLES KNORR AND CHARLES STEFFENS v. ARTHUR L. CANFIELD, CIRCUIT JUDGE OF MACOMB COUNTY.

*Jurisdiction—Costs—Highways.*

1. The proviso in How. Stat. § 6815, that justices of the peace may have jurisdiction in actions for damages resulting from obstructions to highways, confers, at best, only a *concurrent* jurisdiction with the circuit court.

2. Where, in a suit in the circuit court for damages for obstruct-
    ing a highway, the only matter in issue by the proofs is
    whether or not the particular spot where the obstruction was
    placed was in the public highway as constituted by user, which
    question is determined in favor of the plaintiff, he is entitled
    to costs under How. Stat. § 8964, although the judgment is
    less than $100.

*Mandamus.* Submitted November 8, 1889. Decided
November 15, 1889.

Relators apply for *mandamus* to compel respondent to
vacate a judgment for costs in favor of plaintiff in an
action for damages for obstructing a highway, where the
judgment was less than $100. The facts are stated in
the opinion.

*Edgar Weeks (Eldredge & Spier,* of counsel), for
relators.

*Lungershausen & Erskine,* for respondent.

MORSE, J. The only question here is one of costs.

One William Walvin sued the relators in the circuit
court of Macomb county, declaring in trespass on the
case, and alleging, in substance, that he was injured by
the negligence of the relators in incumbering a certain
public highway with saw-logs, bolts, staves, and other
materials, into and against which his horse ran, throwing
him out of his cart. The highway was described as the—

"Town-line road between the townships of Erin and
Clinton, in said county of Macomb, in the vicinity of the
village of Fraser, in said township of Erin."

And it was alleged that these incumbrances encroached
upon the highway, and were wrongfully placed therein
by the relators, the defendants in said suit. The defend-
ants pleaded the general issue.

In his return to the order 'to show cause the circuit

judge says that the highway was sought to be established
by the plaintiff by testimony tending to show that at the
point where the logs were piled there was a highway by
user and common reputation, and the defendants in
rebuttal thereof introduced evidence tending to show that
at this point no right of way or easement existed in favor
of the plaintiff or the public, but that the same had
been used by the defendants and their grantors for over
20 years for the piling of logs. It is admitted that there
was no dispute upon the trial as to the location of the
logs, the point where they were piled being agreed upon.
The dispute was whether this point was within or with_
out the highway. The jury found for the plaintiff, and
adjudged his damages at $35. Both parties ·claimed costs.
The circuit judge gave them to plaintiff. We are asked
to compel by *mandamus* a vacation of this judgment as
to costs, and to issue a further command that judgment
in this regard be entered in favor of the defendants.

The issue of the writ is claimed for the reason that the
verdict of the jury was for less than $100. It is con-
tended that the action was clearly within the exclusive
jurisdiction of a justice of the peace, under sections 6814,
6815, How. Stat. Section 6814 provides that justices
of the peace shall have exclusive jurisdiction of all
civil cases wherein the debt or damages do not exceed
$100, except as provided in section 6815, which reads as
follows:

" No justice of the peace shall have cognizance of real
actions, actions for a disturbance of a right of way or
other easement.   *   *   *   Nor where the title to real
estate shall come in question, except as hereinafter men-
tioned: *Provided*, That justices of the peace may have
jurisdiction in actions for damages resulting from obstruc-
tions to highways, subject to the restrictions prescribed
in section one (§ 6814) of this chapter."

In our opinion this proviso in section 6815 confers, at

best, only a concurrent jurisdiction with the circuit court upon justices of the peace in actions for damages resulting from obstructions to highways, which jurisdiction such justices *may* take.

Under section 8964, How. Stat., the plaintiff is entitled to costs when the title to lands or right of way or to any easement in lands shall have been put in issue by the pleadings, or shall have come in question on the trial of the cause. It is clear in the present case that the only matter in issue by the proofs was whether or not the particular place where the logs were piled was in the public highway as constituted by user, and this was determined, not by the location of the logs, but as to where the highway was located and established. The question submitted to the jury, in effect, was:

"Did the highway, as used and traveled by the public for a sufficient number of years to constitute the land thus used a highway by user, take in the spot where these logs were piled, or was such place outside the limits of such highway?"

This question was answered by the jury in their verdict. They found the logs in the highway.

The writ will be denied, with costs.

The other Justices concurred.