FRANCES W. COX v. THE COMMISSIONER OF HIGHWAYS OF THE TOWNSHIP OF HARTFORD.

*Highways—Proceedings to establish—Application—Notice—Determination of commissioner.*

1. Proceedings to discontinue a highway, and lay out a new one, and build a bridge cannot be united in one proceeding.

2. The statute requires ten *full* days' notice of the hearing by the commissioner of a petition to lay out a highway. How. Stat. § 1298.

3. Proceedings for laying out a highway are void unless the commissioner's return shows that he determined the necessity for such action.

*Certiorari* to review proceedings laying out a highway.

MICH.—13.

Argued October 30, 1890.   Proceedings quashed November 14, 1890.   The facts are stated in the opinion.

*Titus & Tuttle,* for petitioner.

GRANT, J.   *Certiorari* to commissioner of highways.

The proceedings in this case are void for the following reasons:

1. The petitioners in their petition to the highway commissioner prayed for the discontinuance of one highway, for the laying out of a new highway, and for the building of a new bridge.   These objects cannot be united in one proceeding.   *Shue v. Highway Com'r,* 41 Mich. 638.

2. The time intervening between the date of notice and the day of hearing is insufficient.   The statute requires 10 full days' notice.   The notice in this case was dated May 9, 1890, and the hearing fixed for May 19.   *Platt v. Highway Com'r,* 38 Mich. 247.

3. There is no proof of any service upon the owner of the land.

4. There was no determination by the commissioner that there was any necessity for laying out the highway.

The proceedings must be quashed, with costs to petitioner.

The other Justices concurred.