WILLIAM WILSON ET AL. v THE TOWNSHIP BOARD OF BURR OAK.

*Highways—Refusal of commissioner to lay out—Appeal—Petition —Notice—Jurisdiction.*

1. No appeal lies to the township board from the *refusal* of a highway commissioner to lay out a highway.

2. The following propositions are summarized from the opinion of Mr. Justice LONG:

   *a*—An application to lay out a highway, which fails to state that the applicants are freeholders of the township, confers no jurisdiction upon the commissioner.

   *b*—The failure of the commissioner to show in his return that notice was served upon one of the occupants of the land through which the proposed highway is to be laid is fatal to the validity of his proceedings.

   *c*—It is error for a township board to hear an appeal from a highway commissioner when two of the sitting members are financially interested in the result of the appeal.

*Certiorari* to township board to review proceedings laying out a highway on an appeal from the highway commissioner. Argued June 5 1891. Proceedings quashed July 28, 1891. The facts are stated in the opinion.

*T. C. Carpenter,* for petitioners.

*J. J. Stanton,* for respondent.

LONG, J. This is a *certiorari* to the township board of the township of Burr Oak, St. Joseph county, to review its action in overruling the proceedings of the highway commissioner of that township, who refused to lay out a highway, and the order made by the township board laying out and establishing the same. The errors assigned upon which the writ of *certiorari* was allowed are:

" 1. Said board erred in allowing the said members objected to, to sit, under the evidence produced, without a showing to the contrary, to hear and determine the questions before them, on account of personal interest.

" 2. The board erred in refusing to quash the proceedings for the want of the proper service of notice on the owners and occupants of said lands prior to the laying out of the same by the commissioner.

" 3. The board erred in deciding that proper notice was given of the said appeal.

" 4. The said board erred in laying out said highway under the record and evidence, or that they were duly authorized to lay out said highway after such objections were made.

" 5. Deponent claims that the whole proceedings to lay out said highway are void, for the reason that a part of the owners and occupants of the said lands to be condemned for said highway purposes were not notified by the highway commissioner of said township of the said proceedings to lay out the same, and that the said board had no jurisdiction to act in the premises under the statute on appeal, where the commissioner has refused to lay out a highway.

" 6. The said board erred in not assessing to Lucy Wilson her share of the damages to her, instead of assessing the whole to William Wilson

" 7. The said board erred in fixing the payment of the damages to the several parties February 1. 1892, after appropriating the lands.

" 8. Also for the reason that it nowhere appears who were the actual owners of said lands to be taken away, nor why substituted service was made, instead of personal, on the owners and occupants."

It appears from the return that the petition was presented to the highway commissioner, signed by about 30 residents of the township, to lay out a highway therein, in pursuance of which, on August 18, 1890, the commissioner gave the notice required by statute, that he would meet at the house of William Wilson, in said township, on the 1st day of September thereafter, at 10 o'clock A. M., to proceed to view the premises described

in the application and notice, and ascertain and determine the necessity of laying out the highway described in the application and notice, and to appraise the damages thereon. The proof of service of these notices is by the affidavit of the commissioner, subscribed and sworn to on the 25th day of August, 1890, in which he states that on the 19th day of August he served notice (of which a copy was attached) upon William Wilson and George Morris, and on the 20th day of August, 1890, upon E. Brown, occupants of these lands through which the proposed highway was petitioned to be opened, by delivering said notices personally to the said William Wilson and George Morris, and leaving said notice at the residence of said E. Brown with one of the family, and acquainting her with its contents. The affidavit further shows that the commissioner also posted notices of like form in three public places in the township, showing the time and places of posting the same.

The commissioner made a return of his proceedings, showing the application made to him by more than seven residents of said township to lay out the highway; the giving of the notice as required by law; and that on the 1st day of September, 1890, at 10 o'clock A. M., he was present at the place named in such notice, to view the premises, and determine the necessity of laying out such highway; and he returned, further, that he did not consider such highway necessary to the public good, and that he denied such application.

An appeal was taken by one Henry Lamp, a resident and freeholder of said township, to the township board; the applicant stating that he conceived himself aggrieved by the determination of the commissioner of highways in refusing to lay out the same, and that the appeal was made to reverse the entire decision of said highway com-

missioner. Notice of this appeal was given by the township clerk to the highway commissioner, fixing the 30th day of September, 1890, at 10 o'clock A. M., to view the premises and hear the appeal of said Henry Lamp from the determination of the commissioner. Like notice was served upon Henry Lamp, and proof of service of this notice was filed with the township board.

At the time of the meeting of the board affidavits were filed with the board showing that William Whitmer, a member of the township board before whom the appeal was to be heard, prior to the meeting of the commissioner to lay out a highway, approached certain resident freeholders of that township, and solicited them to sign the petition to lay out the highway, and represented that it was a necessity, and ought to be laid out. Two such affidavits were filed with the board. An affidavit was also filed with the board in which it was shown that James C. Bishop, one of the members of said township board, was highway commissioner of that township in 1863, and a petition was presented to him to lay out and open such road during that year, upon which he expressed his opinion in favor of said road; and also that William Whitmer, a member of the board, was the owner of real estate a short distance north of the western terminus of said proposed highway, and interested personally and financially in laying out the same. A remonstrance was also presented to the board on that day signed by over 100 residents of that township, against the laying out or establishing of the highway on said proposed line. These affidavits and this remonstrance were laid before the township board, and objection made to William Whitmer and J. C. Bishop, two members of said board, as incompetent and not qualified to sit and try said cause of said appeal, or to decide the necessity of laying out

said road, or hear and determine said cause on the evidence, for the reasons:

"1. That said parties are interested in laying out said highway.

"2. That said Bishop and Whitmer have already expressed their opinions in favor of the same before hearing any of the evidence or objections to the laying out of the same."

A request was thereupon made to the board to remove said members from said board, at its then sitting, and to appoint others to fill their places, qualified to sit and hear and determine the case according to the statute.

It was also objected before said board that the affidavit of service of notice to lay out this highway, and of the meeting for that purpose, on the occupants and owners of land through which it was to be laid out, did not show that notices were properly served, and therefore the board had no jurisdiction of the cause on appeal.

The township board met according to the notice, and there were present J. C. Bishop, supervisor, Daniel Gillett and William Whitmer, justices of the peace, and A. C. Himebaugh, deputy-clerk. After the board had heard the arguments of counsel opposed to the laying out of the highway, it overruled the motions made, and, after viewing the premises, voted to lay out the highway according to the petition, and awarded damages, as follows:

| | |
|---|---|
| "To William Wilson | $100 |
| To Marcia M. Morris | 100 |
| To the west half of the N. W. quarter of sec. 27 | 75 |
| To the east half of the N. E. quarter of sec. 28 | 75 |
| To non-resident lands, N. W. quarter of N. E. quarter of sec. 28 | no damages |
| To land occupied by E. Brown | 75 |
| To north half of N. W. quarter of sec. 28 | 75 |
| Total | $500 |

"The damages to become payable Feb. 1, 1892."

The township board, in its return of its proceedings, dated October 1, 1890, and filed in the township clerk's office, says, among other things:

"That whereas, at least 10 days' notice of the hearing of said appeal has been given to said commissioner and to said appellant; and the township board having, at the time and place specified in said notice, proceeded to hear the proofs and allegations of the said parties, and duly considered the same, and being satisfied from such proofs and allegations that the determination of the said commissioner in denying the petition was erroneous and unjust, and that the same should be and is hereby vacated and set aside, and the prayer of the petitioners to lay out the road is granted, said road to be laid as follows: Commencing at the corner of sections 20, 21, 28, and 29; thence due east, on the section line, to intersect the highway running east and west between sections 22 and 27, township of Burr Oak, county of St. Joseph, State of Michigan."

This finding and return is signed by the members of the board.

The affidavit for the writ of *certiorari* was made by the attorney for William Wilson, Marcia Morris, Ezra Brown, and Clara Wilson.

The claim of counsel is that no appeal is provided for from the determination of the highway commissioner in refusing to lay out a highway, and the township board erred in assuming jurisdiction in the case of said appeal and to lay out said highway, and that, therefore, its proceedings are void; that the statute only provides for an appeal from the highway commissioner's determination in such matters where he lays out the highway, alters a highway, or destroys a highway, but not where he refuses to do so.

How. Stat. § 1302, provides that—

"Any person, being a freeholder or a holder of lands by homestead right within the township, who may conceive himself aggrieved by the determination of a com-

missioner in laying out, altering, or discontinuing any highway, or in his award of damages, may, within ten days after such determination, appeal therefrom to the township board."

This section provides that the appeal shall be made in writing, signed by the appellant, addressed to the township board, and filed with the township clerk, who shall give notice of the meeting of the board to hear the appeal, and fix the time and place of said meeting.

Sections 1303 and 1304 provide as follows:

"SEC. 1303. The township board shall proceed, at the time and place specified in the notice, to hear the proofs and allegations of the parties, and may examine persons on oath, in respect to the matter of such appeal, and their decisions shall be conclusive and final. Such decision shall be reduced to writing, and signed by the board making the same, and filed in the office of the township clerk, and, together with all other papers relating to such appeal, shall be recorded as part of the record of the road No commissioner from whose determination an appeal has been taken, and who may be a member of the township board, shall act on such appeal.

"SEC. 1304. In case the determination of the commissioner upon which an appeal is taken be confirmed, or if his award of damages shall not be increased, the appellant shall pay the whole amount of costs of such appeal, such costs to be ascertained and determined by the township board, and deducted from the amount of damages awarded."

We find nothing in these provisions of the statute giving an aggrieved party the right to appeal from the determination of the commissioner in refusing to lay out a highway. The statute only contemplates an appeal from the determination of the commissioner in laying out a highway, or altering or discontinuing it, or an appeal from his award of damages in laying out, altering, or discontinuing the same, and therefore it must be held that the board had no jurisdiction to entertain the appeal, or to proceed to overrule the decision of the commissioner

in that regard, and then, upon its own motion, to view the premises, and determine, as a township board, the necessity of laying out the highway, and to lay out and establish it, and to award damages therefor.

We think the proceedings of the township board were illegal and void for several other reasons:

1. The petition addressed to the commissioner for the laying out of the highway does not purport to be signed by freeholders, as required by How. Stat. § 1396. The petition states that the petitioners were legal residents of said township, but does not state that any of them were freeholders of such township, and therefore the commissioner had no jurisdiction to proceed under the petition, and, the commissioner not having jurisdiction to proceed, the township board, upon the appeal, could not itself proceed upon this defective petition.

2. The finding of the township board shows that William Wilson, Marcia M. Morris, and E. Brown were all occupants of lands through or adjoining which it was proposed to lay out the said highway, and yet the return of the highway commissioner shows that he only served notices upon William Wilson, George Morris, and E. Brown. It does not appear, therefore, that Marcia M. Morris was served with any notice by the commissioner before his proceedings were taken to determine the necessity of laying out the highway. This was a fatal defect, and, the commissioner having no jurisdiction to lay out a highway, the township board could not under such proceedings obtain jurisdiction to lay out the same.

3. The affidavit for the writ of *certiorari* alleges that Clara Wilson was also the owner and occupant of lands through or adjoining which it was proposed to lay out the said highway. No notice was served upon her, as appears from the return of the highway commissioner, and for that reason he acquired no jurisdiction to lay

out the same, and the township board, upon appeal, had no jurisdiction.

4. We think, also, that the township board erred in proceeding to lay out the highway, if Whitmer and Bishop, two of the members of said board, or either of them, were financially interested in its being laid out. The board makes no return to this allegation in the affidavit upon which the writ of *certiorari* was issued, and there being no contradiction of the affidavit, we must take the affidavit as true.

It follows that the proceedings of the township board in laying out this highway must be quashed and vacated; the plaintiffs in the writ of *certiorari* to recover costs.

The other Justices concurred.