EMILIE SCHROEDER v. THE VILLAGE OF ONEKAMA.

*Highways—Establishment.*

The record of proceedings to establish and lay out a highway must show that all of the steps necessary to their validity were taken, and a recital to that effect in the commissioners' return is not sufficient; citing *People v. Commissioners*, 14 Mich. 528; *Van Auken v. Commissioners*, 27 Id. 414; *Dupont v. Commissioners*, 28 Id. 362; *Moetter v. Commissioner*, 39 Id. 726.

Appeal from Manistee.    (Judkins, J.)    Argued January 12, 1893.    Decided March 10, 1893.

Bill to quiet title.    Complainant appeals.    Reversed, and decree entered here for complainant.    The facts are stated in the opinion.

*Smurthwaite & Higgins*, for complainant.

*Ramsdell, Benedict & Hilliker*, for defendant.

GRANT, J.    The defendant claims a public highway across complainant's lands, and was proceeding to construct a sidewalk.    Complainant denied the existence of any such highway, and filed this bill to restrain the defendant from any interference with her possession and enjoyment of the land. The sole question is whether such highway in fact existed.

The land is a small, triangular piece fronting on Portage lake, and lying adjacent on the west to the former village of Brookfield. The old village of Onekama lies one quarter of a mile west of the village of Brookfield. About midway between the two villages runs a creek, which empties into the lake. Complainant had constructed a dock, which was used mainly for shipping forest products. The land in question had been used for many years for piling these products ready for shipment, in the spring and summer. Portage lake lies near Lake Michigan, separated from it by a sand-bar. In 1871 a canal was cut through this bar, by which Portage lake was lowered, uncovering considerable land around it.

Defendant relies upon proceedings taken in 1871 to lay out and establish the highway here in dispute. The only record of such proceedings is found in the return of the highway commissioners, dated August 31, 1871. The return recited that the commissioners, three in number, upon application made to them, in pursuance of law, by seven or more freeholders, and after due notice given according to law, proceeded to view the premises described therein, and to ascertain and determine the necessity of laying out such highway, etc.; that they laid out such highway, pursuant to such application, as follows:

"Commencing where the Patch road touches the line on the east side of N. P. Pierce's land, and running on said east line to Portage lake; then turning east on lake shore, and running along the shore, six rods from high-water mark, to the north line of section 36, in said township."

They also returned that they had considered and determined that a private road be laid out, which was evidently done for the purpose of giving a certain man access to this highway.

The proceedings to establish and lay out this supposed highway are void, because there is no legal evidence of

the petition, notice, or service thereof. The record in these proceedings must show all the steps necessary to their validity. A recital of these facts in the return is not sufficient. *Dupont v. Commissioners*, 28 Mich. 362; *Moetter v. Commissioner*, 39 Id. 726; *People v. Commissioners*, 14 Id. 528; *Van Auken v. Commissioners*, 27 Id. 414. Besides, there is no evidence that a survey of the highway was ever made.

The defendant has also failed to establish a highway by user. The high-water mark was never established, and the highway, as at present claimed, where it crosses complainant's land, is 157 feet from the water's edge. In platting the villages of Brookfield and Onekama this supposed highway was practically ignored. The land between the villages was open common, low, wet, and in the street as now claimed was a swamp hole. The bridge over the creek was changed three times, and of necessity travel changed accordingly. The public traveled wherever they chose, and wherever the best opportunity offered. Any further statement upon this point, however, is unnecessary, since the defendant's counsel in their brief expressly disclaim having offered any evidence of a highway by user.

Decree reversed, and decree entered in this Court for complainant, with the costs of both courts.

The other Justices concurred.