HATT *v.* TOWNSHIP BOARD OF NAPOLEON.

1. Highways and Streets—Discontinuance—Notice—Jurisdiction.

Proceedings to discontinue a highway are void, as lacking jurisdiction, where a life tenant of land affected by the discontinuance, who lives thereon with his tenant, is not served with the statutory notice, though the tenant, who is also the reversioner, is served.

2. Same—Necessity of Objection.

It is immaterial that the life tenant takes no proceedings to procure an adjudication of the invalidity of the proceedings, since if the proceedings are invalid as to any of the parties, they are invalid as to all.

Error to Jackson; Smith (Clement), J., presiding. Submitted February 14, 1906. (Docket No. 155.) Decided May 24, 1906.

Certiorari by Uriah Hatt to review an order of the township board of Napoleon township, and others, affirming an order of the highway commissioner discontinu-

ing a highway. There was judgment for respondents, and relator brings error. Reversed, and proceedings quashed.

*D. P. Sagendorph*, for appellant.

*Wilson & Cobb*, for appellees.

McALVAY, J. The proceedings in this case were begun before defendant J. E. Vining, commissioner of highways of the township of Napoleon, Jackson county, for the purpose of discontinuing a certain highway. From his determination of the necessity of such discontinuance and award of damages thereon, an appeal to the township board was taken under the statute by plaintiff, Uriah Hatt, and others, which appeal was heard before said township board and the action and award of the highway commissioner was affirmed. Appellant by certiorari removed said matter to the circuit court for Jackson county, where the action of said township board was affirmed by said court; Hon. Clement Smith, circuit judge of the fifth circuit, presiding. The case is brought here by writ of error.

The material question in the case is whether the highway commissioner acquired any jurisdiction to act in the case in taking proceedings toward discontinuing this highway. Among the parties claimed by appellant to be interested as owners and occupants of land through which this highway, sought to be discontinued, passed, was one Thomas Miles. It is alleged by the appellant, and admitted by the appellees, that said Thomas Miles was the owner of a life estate in this land upon which he resided. Thomas H. Miles was at the time tenant of Thomas Miles, and was also occupying this land; Thomas Miles living with him. No notice was served upon Thomas Miles by the highway commissioner, and he took no part in the proceedings, nor is he mentioned in the notice given by the commissioner, his affidavit of service of said notice, or his determination. Thomas Miles, after such determi-

nation, gave notice of his intention to remove the case by certiorari to the circuit court for Jackson county, but no further steps were taken by him. The commissioner had knowledge of the relation of Thomas Miles to this land. The record shows that in another proceeding to lay out a highway through this land, claimed to be owned by Thomas Miles and occupied as aforesaid, for the purpose of giving a road by which appellant could get out from his land after the road in question was discontinued, the highway commissioner served a notice upon said Thomas Miles on the same day he served notice of discontinuance upon appellant and others.

It is claimed by appellees that the tenant, Thomas H. Miles, was the person occupying these premises, and that service upon him was sufficient. This record shows that Thomas Miles was the owner of a life estate in part of this land through which the highway passed, and that he also occupied it, and had occupied it for years. The statute requires that when land is occupied service shall be made upon the occupants. Failure to make service upon Thomas Miles was a fatal defect in the proceedings. The commissioner acquired no jurisdiction to proceed, and the township board was without jurisdiction. This court has so held. *Wilson* v. *Township Board of Burr Oak*, 87 Mich. 240. The fact that Thomas Miles is not complaining does not cure the irregularity. If as to any of the parties the proceedings were invalid, they were invalid as to all. *Brush* v. *City of Detroit*, 32 Mich. 43.

It is not necessary to consider the other errors assigned.

The judgment of the circuit court is reversed, and the proceedings quashed, with costs of both courts against the appellees.

GRANT, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.