LA BARRE v. BENT.

1. JUSTICES OF THE PEACE—SUMMONS—DECLARATION—VARIANCE—WAIVER.

The variance between a justice's summons in assumpsit and a declaration not based upon a contract or promise is waived by pleading the general issue without demurring or otherwise objecting to the declaration.

2. SAME—JURISDICTION—ACTION FOR PENALTY—OBSTRUCTION OF HIGHWAY.

An action for the penalty prescribed by the statute (section 4157, 2 Comp. Laws) for obstructing a highway is not a real action or an action for disturbance of a right of way or other easement as to which justices of the peace have not jurisdiction (section 704, 1 Comp. Laws), but justices are expressly given jurisdiction of such actions by section 9799, 3 Comp. Laws.

3. SAME — JURISDICTION — TITLE TO REAL PROPERTY — REMOVAL
OF CAUSE—WAIVER OF OBJECTION TO JURISDICTION.

Where the defendant, in an action for the penalty prescribed
by section 4157, 2 Comp. Laws, for obstructing a highway,
pleaded the general issue and caused the case to be certified
to the circuit court upon a plea of title, he waived the point
whether the justice had jurisdiction of such a case.

4. SAME—DECLARATION—SUFFICIENCY.

A declaration showing with reasonable definiteness that the
highway commissioner is proceeding under section 4157, 2
Comp. Laws, to collect a penalty for obstructing a high-
way, is good against the objection that the action was
brought by the commissioner individually; no one having
been misled, and the statute conferring no personal right of
action.

5. HIGHWAYS—OBSTRUCTION—ACTION—EMPLOYMENT OF COUNSEL
—PROSECUTING ATTORNEY.

The action for a penalty given by section 4157, 2 Comp. Laws,
for obstructing a highway, is not a criminal prosecution in
which the prosecuting attorney is required to appear, and
there is no objection to the employment of private counsel
by the plaintiff.

6. APPEAL AND ERROR—REVIEW—PREJUDICIAL ERROR.

Where, in an action for a penalty for obstructing a highway,
the defendant claimed that no highway existed, and the
court cannot say that a highway by user was conclusively
established, the error in submitting the question of proper
establishment of a highway to the jury, on record proofs
which show that the proceedings were void, requires reversal
of a judgment for plaintiff.

7. HIGHWAYS — ESTABLISHMENT — PROCEEDINGS — RECORD — VA-
LIDITY.

Evidence consisting of records in the township clerk's office,
offered to show the legal establishment of a highway, ex-
amined, and *held*, to show that the proceedings were void.

8. SAME—VALIDITY—ESTOPPEL.

Proceedings to establish a highway, which are void as to every-
one else, are not valid as to defendant sued for obstructing it,
on the ground that, by signing the petition for its establish-
ment and working upon the road and receiving his pay from
public funds, he is estopped to question the validity of its es-
tablishment.

9. Same—Obstruction—Action—Instructions—Propriety.
   In an action for a penalty for obstructing a highway, a requested
   instruction upon the necessity that defendant's obstruction
   must have been "wilful" to authorize a verdict of guilty,
   examined, and *held*, that the subject thereof was sufficiently
   covered by an instruction given.

10. Same—Adverse Possession.
    Under some circumstances a private person may acquire title
    to a highway by adverse possession.

Error to Cass; Des Voignes, J. Submitted October 13, 1908. (Docket No. 65.) Decided November 2, 1908.

Case by Warren La Barre, highway commissioner, against Fred M. Bent for obstructing a highway. There was judgment for plaintiff, and defendant brings error. Reversed.

*Walter C. Jones* (*John R. Carr*, of counsel), for appellant.

*Otis Huff*, for appellee.

Hooker, J. The plaintiff, a commissioner of highways, prosecuted the defendant in an action of trespass on the case, commenced in justice's court by summons, to recover a penalty prescribed by statute (2 Comp. Laws, § 4157) for an obstruction of a highway. A written declaration was filed, followed by a plea of the general issue, with notice denying the existence of the highway, and a claim that the land was owned in fee simple by defendant. Defendant also filed with the justice the statutory bond required where title to land comes in question, who thereupon certified the cause to the circuit court, where a trial resulted in defendant's conviction, and he has appealed.

The first question raised against this proceeding was after the jury was sworn, and was an objection to the admission of any evidence. It was predicated upon several reasons, viz. :

(1) The action was not brought by the commissioner of highways, but by Warren La Barre "individually."

(2) A justice of the peace has no jurisdiction of an action of this nature.

(3) A variance between the summons and declaration.

(4) The action was brought by an attorney not authorized by law.

(5) The declaration fails to state a cause of action.

*Jurisdiction.* The summons was in the ordinary form in trespass on the case upon promises; the plaintiff named being "Warren La Barre, highway commissioner of Marcellus township, Cass county, Michigan." On its face it was a good summons, which the justice might lawfully issue. Upon the return day the parties appeared, and a written declaration was filed. This declaration was not based upon a contract or promise, departing in that respect from the summons, but no objection to it or demurrer was filed, and by a plea of the general issue, the alleged variance was waived. It is claimed that the justice's want of jurisdiction appeared on the face of the declaration, by reason of the statute (1 Comp. Laws, § 704), which provides:

"No justice of the peace shall have cognizance of real actions, actions for a disturbance of a right of way or other easement."

A sufficient answer is that this is not a real action, nor an action for the disturbance of a right of way, under the statute quoted. See 19 Am. & Eng. Enc. Law (1st Ed.), p. 971, for definition of real action. An action brought by a private person, to recover damages for disturbing a private right of way, is within the prohibition of this statute. See *Fowler* v. *Highland*, 48 Mich. 179. But the statute expressly gives a justice jurisdiction to try actions for damages resulting to private persons from obstructions to highways. See *Knorr* v. *Macomb Circuit Judge*, 78 Mich. 170. Whether this would be construed to authorize this action becomes unimportant, for while this statute does not expressly authorize or prohibit the bringing of

actions for penalties before justices of the peace, section 9799, 3 Comp. Laws, does expressly confer such jurisdiction. *People* v. *Hart*, 1 Mich. 468; *Pardee* v. *Smith*, 27 Mich. 42. But if it could be said that the justice had no jurisdiction, the case of *Ramsby* v. *Bigler*, 129 Mich. 570, is a complete answer to defendant's contention. By pleading the general issue, and causing the case to be certified to the circuit court, which has such jurisdiction, the defendant has waived the point.

*Declaration.* This declaration is in writing. It shows with reasonable definiteness that the highway commissioner was proceeding, under section 4157, 2 Comp. Laws, to collect a penalty for obstructing a highway. No one could have misunderstood it; and, as no personal right of action is conferred by that section, an inference that this was such was not warranted. The defendant was content to plead issuably and remove the case to the circuit, and we may reasonably treat the presence of the commissioner's name as surplusage, if necessary to sustain the declaration. We think it sufficiently states a cause of action.

*Prosecuting Attorney.* The defendant was equally dilatory in objecting to the appearance of an attorney. We are not cited to any authority requiring the intervention of the prosecuting attorney in this class of cases, nor to any prohibiting the employment of other counsel, to which we see no objection. This is not a criminal proceeding, and we see no occasion to apply the rule obtaining in such cases to a civil action to recover a forfeiture. Counsel seems to have found no authority for his position, and we know of none.

The record clearly discloses that the defendant erected, and at various times reconstructed, gates across the road in question, and that latterly, if not at all times, he has claimed that this was not a public highway. He now asserts that he supposes that it was a private road. There is a conflict upon the subject, plaintiff having attempted to show the laying out of the road as a public highway, its reputation as such, and its recognition by the defend-

ant, who is said to have petitioned for it, and admitted it to be such, and performed work upon it, receiving payment therefor from public funds, while defendant claims that what he has done was consistent with the theory that it was a private highway, and that his obstruction was made in the bona fide belief that he had the right to do so. The learned circuit judge left it to the jury to decide whether this was a public highway, either through lawful proceedings to lay it out or by user, and whether the defendant wilfully obstructed it.

There are many assignments of error relating to the admission of testimony and refusal of requests to charge. We can hardly be expected to take them up seriatim, and deal with or discuss each one separately, but we will endeavor to decide the important questions raised.

We have already said that the case was properly in court upon sufficient pleadings; and, the obstruction being undisputed, it follows that there are but two general questions to be considered, viz. :

(1) Was there a public highway ?
(2) Was the obstruction wilful ?

It was competent to prove the existence of the highway, by proof either of legal proceedings to establish it or user, and we understand that both were attempted. The plaintiff, after proving by the township clerk the absence from his files of any original papers in the matter of laying out the highway, introduced in evidence, over defendant's objection, Exhibits A, B, C, and D. These were contained in a book, marked " Highway Commissioner," found in his office, and Exhibit A purported to be a petition, or record of such, for the laying out of said highway, to which was apparently attached the following:

"Also discontinue the angling road running south across section 30 to the town line."

Apparently both bore the signatures of the same persons, including defendant. Exhibit B, a copy of a notice, followed. It was dated November 27, 1876. This was not

addressed to anyone, and no proof of service on anyone was made. Exhibit C followed. It was dated December 7, 1876. It recited that, after due notice given by law, the commissioner did proceed to view the premises and ascertain and determine the necessity of discontinuing the highway, and ordered it discontinued. Exhibit D, being the same date, was a similar order, establishing the highway in dispute; both views and orders being shown to have been made on the same day. This being substantially all of the proof of the proceedings, we are constrained to hold that the defendant's requests numbered 2 and 3 should have been given, and it was error to permit the question to go to the jury. It is possible that the testimony may have been admissible as facts characterizing the user of the road, if such user was proved, as it had some tendency to prove that it may have been a public and not a private road. As we cannot say that a highway by user was conclusively proved, or that the jury did not find the proceedings to have established a lawful highway, we cannot sustain the verdict. That the proceedings were void is settled by the following cases, cited by counsel for the defendant: *Shue* v. *Highway Com'rs*, 41 Mich. 638; *Cox* v. *Highway Com'rs*, 83 Mich. 193; *People* v. *Highway Com'rs*, 14 Mich. 528; *Van Auken* v. *Highway Com'rs*, 27 Mich. 415; *Dupont* v. *Highway Com'rs*, 28 Mich. 363; *Detroit Sharpshooters' Ass'n* v. *Highway Com'rs*, 34 Mich. 38; *Pegler* v. *Highway Com'rs*, 34 Mich. 359; *Names* v. *Highway Com'rs*, 30 Mich. 491; *Purdy* v. *Martin*, 31 Mich. 455; *Nielsen* v. *Wakefield*, 43 Mich. 434; *Truax* v. *Sterling*, 74 Mich. 160; *Brazee* v. *Raymond*, 59 Mich. 548; *Goss* v. *Highway Com'rs*, 63 Mich. 608; *People, ex rel. Gray*, v. *Highway Com'rs*, 40 Mich. 165; *Prescott* v. *Patterson*, 44 Mich. 525; *Blodgett* v. *Highway Com'rs*, 47 Mich. 469; *Wilson* v. *Burr Oak Township Board*, 87 Mich. 240; *Sherman* v. *Peterson*, 91 Mich. 480; *Welch* v. *Hodge*, 94 Mich. 493; *Hatt* v. *Napoleon Township*

*Board,* 144 Mich. 266; *Schroeder* v. *Village of Onek-ama,* 95 Mich. 25–27.

Counsel alleges something in the nature of an estoppel, growing out of defendant's admission that he signed the petition for the highway, but we should not say that proceedings, clearly void as to everyone else, are valid as to him, merely because he petitioned, with others, for the establishment of the highway, or worked upon it, and received compensation from public funds.

The plaintiff attempted to prove that this was a public highway by general reputation, relying upon the case of *Village of Grandville* v. *Jenison,* 84 Mich. 54. To this may be added the case of *Wicks* v. *Ross,* 37 Mich. 466, which seems to justify such practice.

Error is assigned upon the refusal of defendant's ninth request:

"(9) The statute under which this action is claimed to be brought is for the wilful obstruction of a highway, and the word 'wilful' in the law is for the protection of persons who might erect supposed obstructions which were not wilful; as, for instance, if the defendant had always maintained that he owned the land where the claimed highway is, when in fact there is no highway there, or if in fact there was a highway at the place of the obstruction, and he was informed by the commissioner, at different times before Mr. La Barre came into office, that he might erect a gate at the place where it is claimed that he did, and did this under the advice and consent of the former highway commissioner, there is no wilful obstruction of the claimed highway, and defendant cannot be found guilty as complained of in this suit, and your verdict must be for the defendant."

We are of the opinion that this was covered by the following instructions:

"The unlawful obstruction of a highway is a penal offense, and it is the duty of the highway commissioner to keep highways free from obstruction. Of course, if you should find under the evidence in this case that defendant erected a gate and fence across the highway, as complained of, under the advice and consent of the high-

way commissioner, then defendant would not be liable for a wilful obstruction of this highway, if you found it to be a highway, and defendant could not be found guilty as complained of in this action."

It is clearly the law that, under some circumstances, a private person may acquire title to a highway by adverse possession.

The judgment is reversed, and a new trial ordered.

GRANT, C. J., and BLAIR, MOORE, and MCALVAY, JJ., concurred.