## Eugene Dupont and others v. The Highway Commissioners of Hamtramck.

*Highways : Return of commissioners : Notice : Proof of service.* In proceedings to lay out a highway, the return of the highway commissioners, that they proceeded to lay out the road in question, "after due notice given according to law," is not sufficient proof of service of the statutory notice; in such proceedings jurisdictional facts must be distinctly shown.

*Highways : Record : Defect : Amendment : Affidavit : Notice : Service.* Whether or not such a defect in the proceedings could be cured by an affidavit subsequently made, of the facts, showing that notice was duly given by one of the commissioners, and that at the time of acting they had proof of that fact before them :—*Quære ?*

*Highways : Defective record : Amendments : Affidavit : Proof of service.* But an affidavit of the fact of serving the notice, which does not show that any proof of the service was before them at the time of acting, and from which it appears, inferentially at least, that no proof thereof was made at the time other than the mere oral statement of the commissioner who made the service, will not cure the defect in the proceedings.

*Jurisdiction : Notices : Service : Oral statements : Legal evidence.* Jurisdiction to take from a private owner the possession of his lands can never be allowed to rest upon any such dangerous basis as a mere oral statement of the fact of service; and the fact that one of the commissioners had personal knowledge that the notice was given does not help the matter, as his oral statement could not be taken as proof by the others, nor would it be evidence to other persons interested, who are entitled to have the facts placed upon record.

*Statutory notices : Process : Proof of service.* The statutory notice in these proceedings is in the nature of process, and it is indispensable that there be legal evidence that it has been given.

*Heard and decided November 5.*

*Certiorari* to Highway Commissioners of Hamtramck.

*John W. McGrath* and *C. I. Walker*, for plaintiffs in *certiorari*.

*Chipman, Dewey & Hawes*, for defendants in *certiorari*.

COOLEY, J.

This is a case of the laying out of a highway, and the proceedings are alleged to be void for various reasons, the most important of which is that they fail to show that the commissioners gave notice to the parties interested, as required by law.

The statute requires the commissioners, when applied to to lay out a highway, to issue a written notice, stating the object of the application, and appointing a time and place of meeting, which notice shall be served by the commissioners, or one of them, on the owners or occupants of lands through which it is proposed to lay out the road, either personally or by copy left at the residence of each owner or occupant, at least ten days before the time fixed for meeting; and it makes further provision for the posting of notices to non-residents.—*Comp. L., 1871, § 1253.* And after the commissioners have determined to lay out the road, and passed upon all questions of damages for the appropriation of lands, they are to make return of their doings in writing, signed by them, which return must state their action in regard to the application, and shall be filed in the office of the township clerk, with the application, and a copy of the notice attached thereto.

The commissioners made and filed their return in this case, but the return does not show who are the parties through whose lands the proposed road is to run, nor does it set forth how notice was given, except by a general statement that they proceeded to lay out the road "after due notice given according to law." We have already decided that this is not sufficient.—*People v. Highway Commissioners of Nankin, 14 Mich., 528.* In cases of this nature, where public officers are proceeding summarily to deprive owners of their lands, jurisdictional facts must be distinctly shown, and are not to be made out by a general averment which amounts to no more than a statement that the law has been complied with. The record must show the facts, so that we may see whether the law was complied with or not.

The commissioners have endeavored to support their proceedings by an amendment, which consists in putting on file an affidavit made five months after their action was taken, showing that in fact notice was duly given by one of their number. Had the amendment shown that the

commissioners, at the time of acting, had proof before them that the parties entitled to notice had received it, we might have been required to consider some of the questions discussed on the argument concerning the right to amend.   But such is not the case here.   On the contrary, the inference is irresistible that these commissioners had no proof before them in laying out the road which could give them jurisdiction to act at all, unless the mere oral statement of the person giving such notice could be regarded as proof.   And it needs no argument or citation of authorities to demonstrate that the jurisdiction to take from a private owner the possession of his lands can never be allowed to rest upon any such dangerous basis as what some one may have orally said concerning it.   The notice is in the nature of process, and it is indispensable that there be legal evidence that it has been given.   Admitting that the commissioners' return might be amended to supply proof of notice actually had, does not help a case like this, where no proof was had, and the commissioners attempt to make the proof for the first time after the case has been taken into the courts.

It can make no difference that one of the commissioners in this case had personal knowledge that the notices were given.   His oral statement could not be proof to the others, and if it could, it would not be evidence to third persons, who are entitled, when such interests are involved, to have the facts placed upon record.

The proceedings must be quashed.

The other Justices concurred.