## David D. Brody v. The Township Board of the Township of Penn.

*School inspectors: Appeal to town board: Waiver: Certiorari.* Parties appealing under the statute from the action of school inspectors in arranging school-districts, to the town board, thereby waive those questions which require judicial review and submit themselves to the discretion of that body; and a *certiorari* to the town board does not open for review the doings of the inspectors.

*Discretionary administration: Town board: School inspectors.* It was never intended that a court should exercise any of these powers of discretionary administration; and where, on such an appeal, the town board acted within its jurisdiction, its discretion cannot be reviewed by the courts; and if it did not, and its acts were void, then under the statute the action of the inspectors, after ten days, is equally intact and beyond disturbance.

*School inspectors: Town board: Appeals.* Where, however, the town board, acting without authority, reverses the action of the inspectors, their doings may be overturned; but an order of the board affirming the action of the inspectors, whether properly or improperly, only leaves such action where it would have been without such interference.

*Submitted on briefs June 10. Decided June 18.*

*Certiorari* to the Township Board of the township of Penn, in the county of Cass.

*Howell & Carr,* for plaintiff in *certiorari.*

No counsel appeared for defendants in *certiorari.*

BRODY v. TOWNSHIP BOARD OF PENN.

CAMPBELL, J:

Relators appealed to the township board of Penn, against
an order of the school inspectors, whereby a half section was
taken from one primary-school district, and added to a
graded and high-school district.

The grounds of appeal set forth no irregularity, except
an alleged want of consent of the trustees of the graded
district.    The other grounds are merely reasons of policy,
and that was not well founded.    The town board affirmed
the action of the inspectors.

The statute which gives the appeal to the town board
requires that their action shall be taken within ten days from
the return, and requires further, that the decision of the
school inspectors "shall not be altered or reversed, unless a
majority of such township board, not members of said board
or boards of inspectors, shall so determine."—*C. L. § 3736.*

It is evident that the policy of the law is against any
needless interference with the action of the school inspect-
ors, who have full discretion in arranging districts, except
as to graded schools, and, with the consent of their trustees,
may change those also.    By fixing the brief period of ten
days, within which the town board must act, the statute
plainly disapproves of delays in the settlement of these mat-
ters of administration.    The appeal to the town board is
not on legal questions, but transfers to them the same dis-
cretionary authority which the inspectors have when there is
no appeal.    And by appealing to the town board, the par-
ties appealing waive those questions which require judicial
review, and submit themselves to the discretion of that body;
and a *certiorari* to the town board does not open the doings
of the inspectors.

It never was intended that a court should exercise any
of these powers of discretionary administration.    And it
cannot be lawful on such a writ as this, to disturb the action
of the inspectors, when the statute declares it shall stand,
unless changed within ten days by the town board.    If that

body acted within its jurisdiction, we cannot review its discretion. If it did not, and its acts were void, the inspectors' action is equally intact, and beyond disturbance.

If the board, acting without authority of law, reversed the action of the inspectors, we might be obliged to undo their order. But an order of the board affirming it, whether properly or improperly, only leaves the action of the inspectors as it would have been without such interference. And a *certiorari* to the town board, as already suggested, cannot review the acts of the inspectors.

The writ must be quashed as improvidently granted, with costs against relators.

The other Justices concurred.