PEOPLE EX REL. WILLIAM H. TEFFT v. TOWNSHIP BOARD OF HAMTRAMCK.

*Notice of appeal from highway commissioner.*

Proceedings of a township board reversing an order extending a highway were quashed for want of a proper showing of notice of an appeal from the order.

Notice of an appeal to the township board from an order extending a highway is needful to confer jurisdiction to proceed, and cannot therefore be shown by a mere recital in the final order of the board to the effect that due notice had been given.

A township board on an appeal from a highway commissioner cannot go beyond the grounds of the appeal and pass on other matters.

Certiorari.    Submitted Feb. 1.    Decided April 3.

*Charles Flowers* for plaintiff in certiorari. In proceeding to lay out a highway, notice is not sufficiently proved by the return of the commissioners reciting that due notice was given according to law. *Dupont v. Com'rs,* 28 Mich., 362; *People v. Highway Com'rs of Nankin,* 14 Mich., 528.

*Prentis & Fox* for defendant in certiorari.

GRAVES, J.  This proceeding is brought to quash an order of the township board reversing the laying out of an extension in Hamtramck of a street of the city of Detroit known as Lafayette street.

The only error alleged by the plaintiff in certiorari is "that notice of appeal and hearing thereof was not served upon the parties over and through whose lands the proposed highway was to pass, as required by the statute, and that they had no knowledge that an appeal had been taken, and did not present their proofs and allegations, which will more fully appear by the records and returns of said board."

The writ was addressed to the township board and township clerk.  But nothing is returned except copies of the declarations of appeal and of the judgment order of the board.  The clerk certifies that they are true copies of the whole and all of the records in his office in relation to the action of the township board in regard to the highway named therein to the best of his knowledge.

This certificate as printed contained the words "highway commissioner" instead of "township board," but in the records furnished to the court the latter term is substituted.

This is noticed merely because respondent's brief specially adverts to the circumstance that the certificate identifies the records returned as referring to the action of the commissioner and not to that of the township board.

As before mentioned, the return is confined to copies of the declarations of appeal, the final order made by the board and the clerk's certificate. No part of the showing for the certiorari is adopted. The final order recites "due notice to the parties pursuant to the statute," and concludes by reversing the determination of the "highway commissioner." The record contains nothing further or different to show that notice was given to anyone, and according to the certificate of the clerk there was nothing more in his office. The statute required the clerk to give ten days' notice of the meeting of the board to the appellants and to the commissioner whose decision was appealed against, and also to each person whose lands were to be affected thereby, and it provided expressly that the notice should be in writing, should state the time and place of meeting, and that a copy should be delivered to the appellants, the commissioner, and to each person to be affected thereby, or left at their respective places of residence. Act 216 of 1875, Pub. Acts, p. 259.

The recital in the order of reversal that notice had been given was of no force to invest the board with authority to act upon the appeals. Notification was a prerequisite to their right to proceed and make the order, and the validity of the order cannot be presupposed for the purpose of proving by its recital that a preliminary step essential to its validity was actually taken. The record contains no proof for the purpose of this inquiry that notice was given to any one. *Dupont v. Highway Com'rs of Hamtramck*, 28 Mich., 362; *People v. Highway Com'rs of Nankin*, 14 Mich., 528, and the want of notice is fatal.

Previous to the act of 1875 notice was required to be served only on appellants and commissioners, but the law was then amended by requiring it to be also given "to each person whose lands are to be affected thereby."

The briefs of counsel dwell upon this provision and differ widely in regard to its meaning.

The counsel for the plaintiff contends that it requires notice to be given to all persons who are interested in the opening of the proposed highway, whilst the opposing counsel insists that such a construction would result in cutting off the right of appeal altogether in the numerous cases in which the prescribed mode of service would be impossible upon all such persons, and he contends that the real sense of the clause is that notice is to be given to each person whose lands are to be affected by the appeal, not by the highway. The provision is ambiguous and indefinite, and neither of these interpretations appears to clear it up and mark out its limits. Whether it is capable of any satisfactory exposition is uncertain. The present case does not necessitate a decision upon it. All admit that notice to somebody was indispensable, and the record in the shape in which the parties have submitted it for judgment, imports, under the construction we are compelled to put upon it, that notice was given to no one.

Another feature of the record has not escaped attention. The only ground of appeal was the award of damages. No objection was made to the establishment of the highway or to any of the steps therefor.

The complaint was solely that the commissioner failed to allow sufficient damages.

Now the statute appears to contemplate that the township board as an appellate body is to be confined to the ground of appeal and may not assert a jurisdiction to act upon a new and distinct ground; and hence there is room for contending that as the sole objection of appellants was that the commissioner had not awarded damages to them as he should have done the board had no right to abandon the subject of that objection and go beyond it and adjudicate upon the fact of the establishment of the highway.

The present record contains no basis for any opinion upon the correctness of the original proceedings in lay-

ing out the highway, and we cannot say whether they were legal or not.

All we can now decide is that the action of the township board appears to have been unlawful and that their order must be quashed.

The other Justices concurred.