GEORGE W. PRESCOTT v. MINER PATTERSON AND THOMAS E. REED, HIGHWAY COMMISSIONERS.

*Laying out highway—Appeal to township board—Notice.*

Appealing from the action of highway commissioners to the township board, whose decision is made final by Comp. L. § 1264, is a waiver of previous defects and irregularities.

The action of township boards on appeal from the highway commissioners cannot be sustained if it does not appear that the party injured by it had notice of their meeting, even though the return shows that it was held at his house.

The fact of notice of a meeting of township boards to review the action of highway commissioners, is jurisdictional and must appear of record.

Exceptions from Kent. Submitted October 28. Decided November 9.

TRESPASS. Defendants had judgment. Reversed.

*Frank F. Kutts* and *D. E. Corbitt* for plaintiff.

*Fred. A. Maynard* for defendants.

COOLEY, J. This is an action of trespass brought by the owner and occupant of land against the highway commission-ers of the township for removing his fences under the claim that they were opening a public highway. It appears that proceedings had been taken for laying out a highway which would include the locality of the alleged trespass, and the sole question is whether these proceedings were effectual. The case was referred to a referee, who reported the facts. From these it appears that the proceedings of the highway commissioners in their attempt to lay out the highway were wholly ineffectual, for reasons which are now immaterial, and need not be stated. Prescott, however, did not rely upon their invalidity but took his appeal to the township board—or rather township boards, for it was a town-line road. This appeal to a board whose decision the statute (Comp. L. § 1264) declares shall be final, was a waiver of previous defects and irregularities. *Brody v. Township Board of Penn.* 32 Mich. 272.

The township boards convened and proceeded to a consideration of the appeal, and affirmed the action of the commissioners. Unfortunately, however, it does not appear that Prescott had any notice of their meeting. This was a jurisdictional fact, and must appear. It is true the record states that they met at Prescott's house, but there is neither proof nor recital that he was present, though it does appear that other persons interested met with the board. We must assume that if he had been there he would have been mentioned. Comp. L. § 1263. The defect is fatal. The referee is of opinion that there were other grounds of invalidity, but we do not need to consider them.

The judgment of the circuit court was given against the views of the referee, and it must be reversed with costs and a new trial ordered.

The other Justices concurred.