MORGAN BRAZEE v. SELAH RAYMOND, HARVEY S. BOWEN, MARIAN D. HAIRE AND SYLVESTER LAMB, COMPOSING TOWN BOARD, ETC.

*Highway—Laying out same—Appeal to town board—Proof of notice to commissioner and appellant of meeting at which appeal is heard, essential to confer jurisdiction—Recital of such service in determination of board, insufficient to establish fact of service.*

1. The return of a township board to a certiorari, to review its proceedings upon an appeal from the action of a highway commissioner in laying out a highway, showed that the commissioner and appellant had no notice of the meeting at which action was taken on the appeal, and failed to show that they were present.

   *Held,* that the board acquired no jurisdiction to act upon the appeal: *Tefft v. Township Board of Hamtramck,* 38 Mich. 525; *Prescott v. Patterson,* 44 Mich. 525.

2. The recital in the determination of the board, that the statutory notice was given is not sufficient. The notice was a prerequisite to the right of the board to proceed, and proof that it was given cannot be inferred or established from such recital: *Dupont v. Highway Com. of Hamtramck,* 28 Mich. 362.

3. The Highway Commission is a necessary party to certiorari proceedings to investigate his action in laying out a highway.

Certiorari. Argued January 26, 1886. Decided February 3, 1886.

The facts are stated in the opinion.

*B. F. Graves* and *J. F. Stewart*, for plaintiff in certiorari:

The township board acted without jurisdiction, for the reason that at the time they acted nor at any other time, did they have any proof before them of notice of their meeting to the commissioner or appellant : *Tefft v. Township Board of Hamtramck,* 38 Mich. 558 ; *Prescott v. Patterson & Reed,* 44 Mich. 525.

The recital in the order, or finding of the township board that notice had been given, was of no force to invest the board with authority to act upon the appeal : *Tefft v. Township Board of Hamtramck,* 38 Mich. 558, 560.

*L. R. Pierson* and *Millard & Weaver,* for defendants in certiorari.

MORSE, J. Certiorari to review the proceedings of the township board of Rollin, Lenawee county, upon an appeal taken by the plaintiff from the action of the highway commissioner of said township in laying out a highway.

From the return of the township board, it appears very clearly that they acquired no jurisdiction to act upon the appeal. There was no proof before them, when they met and acted, that the appellant or the commissioner had been given the notice of the meeting required by the statute, nor is there any showing that either the appellant or the commissioner was present. The want of due proof of notice is fatal: *Tefft v. Township Board of Hamtramck,* 38 Mich. 558 ; *Prescott v. Patterson,* 44 Mich. 525.

The recital of the fact in the determination of the board, as follows : " And whereas, at least ten days' notice of the hearing of said appeal has been given to the said commissioner and the said appellant "—is not sufficient. The notice was a prerequisite to the right of the board to proceed, and the proof that it was given cannot be inferred or established from a recital in the order that it was done : *Dupont v. Highway Com'rs of Hamtramck,* 28 Mich. 362 ; *Tefft v. Hamtramck, supra.* The proceedings of the township board were therefore unlawful, and the order affirming the action of the commissioner must be quashed.

We cannot, under this writ, enter upon any investigation

into the action of the highway commissioner. He is not made a party to the writ, and has made no return to us of his action. It is true, the township board has returned to this Court all the papers and proceedings appertaining to the laying out of this highway on file or of record in the township clerk's office, but we are not willing to pass upon the action of the commissioner in a proceeding of this kind, to which he is not a party.

The other Justices concurred.