## CHARLES WEBER V. WILLIAM STAGRAY AND PETER VAN ERP.

*Trespass—Notice of title—Highways—Discontinuance—Certiorari—
Appeal to township board—Jurisdiction—Damages to
land-owner.*

1. A notice of title in an action of trespass to lands in justice's court,
which states that the land on which the injuries complained of
were committed was a legal highway, and that defendant in
removing the fence of the plaintiff was acting as highway com-
missioner under the statute, but which does not describe *all* of
the land claimed to have been trespassed upon, is sufficient to
apprise the plaintiff of the nature of the defense, and under
which all pertinent testimony may be admitted.

2. *Void* proceedings by a commissioner *discontinuing* a highway are
not a bar to regular ones taken to widen it to the statutory
width; which latter action is not *premature* by reason of the
pendency of *certiorari* proceedings, in which the invalidity of
such discontinuance proceedings is established.

3. An appeal to the township board from proceedings to lay out or alter a highway is a waiver of such defects and irregularities as do not show a want of jurisdiction or that the proceedings were void.[1]

4. Damages to the value of the land for farming purposes, taken by a commissioner of highways in laying out or altering a highway, must be allowed to the owner before the public can acquire any rights or interest in the property condemned.

Error to Bay.    (Cobb, J.)    Argued February 12, 1889. Decided June 7, 1889.

Trespass.    Defendants bring error.    Affirmed.    The facts are stated in the opinion.

*T. A. E. & J. C. Weadock,* for appellants.
*Lindner, Porter & Haffey,* for plaintiff.

SHERWOOD, C. J.    The plaintiff brought his action in justice's court to recover damages for trespass upon his lands, aggravated by the removal of his fences.

Under a plea of title the defendants, claiming that the *locus in quo* was a public highway, caused the suit to be removed into the circuit court for the county of Bay, where it was tried, and Judge Cobb directed the jury to find for the plaintiff, and allowed them to assess the damages.    They did so, and judgment was entered accordingly.

The defendants bring error.

The highway was originally established by user, and the defendants claim that the land upon which the trespass was committed was taken under regular proceedings for the purpose of altering the highway by making it of the lawful width, and that in removing the plaintiff's fence therefrom they acted under a proper order from the commissioner of highways.

---

[1] See *Soller v. Township Board of Brown,* 67 Mich. 42 ? (head-note 2), and notes.

The proceedings under which the defendants claim to make their defense are authorized by chapter 29, How. Stat. §§ 1296–1304. They were taken for the purpose of altering the road, and condemning plaintiff's land for that purpose, by the defendant Stagray, as commissioner of highways of the township; and, while the alteration was made and determined by him, he did not allow the plaintiff any damages for the land taken.

An appeal was taken to the township board from the determination of the commissioner, which was dismissed, thus leaving the matter of the alteration as the commissioner had determined it. No *certiorari* has ever been taken from his proceedings.

At the proper time the statutory notice to plaintiff was given by the defendant commissioner to remove his fences from the highway as thus altered and laid. Plaintiff refused to comply, and the commissioner, Stagray, and the other defendant, removed them for him, under How. Stat. § 1313. It is in removing such fences that the trespass is alleged by plaintiff to have been committed.

On the part of the plaintiff it is claimed:

1. That the strip of land described in defendants' plea of title does not include all of the land condemned and taken, and upon which the alleged trespass was committed.

The notice, we think, however, is sufficient to apprise the party of the nature of the defense, and to allow all testimony offered and admitted pertinent to the subject and issue.

2. Plaintiff insists that the action of the commissioner was premature, irregular, and therefore void, and plaintiff therefore had the right to maintain this suit, and ought to be allowed to recover.

Mr. Stagray had previously, as commissioner of highways, entertained proceedings taken for the purpose of discontinuing said highway altogether, and made his determination so to do. From this determination one Price, who was inter-

ested, removed the proceedings · by *certiorari* into this
Court and they were held to be void, and were quashed.

Certainly they could have no effect whatever upon this case
or the proceedings herein set up as a defense, inasmuch as
they were void. See *Price v. Stagray*, 68 Mich.——(35 N. W.
Rep. 815).

The proceedings before the commissioner were not prema-
ture on account of the pendency of said *certiorari* to review
such void action before then taken. *Names v. Commis-
sioners of Highways of Olive and Robinson*, 30 Mich. 490 ;
*Prescott v. Patterson*, 44 Id. 525 (7 N. W. Rep. 237).

In further consideration of plaintiff's two points, other
things are to be noticed. This case is not *certiorari* to re-
view the action of the commissioner in making the alteration
in the highway necessitating the taking of plaintiff's land
and removing his fences, where all of the questions involving
the regularity of all of the proceedings could be inquired
into, but error to review the proceedings in a case where the
proceedings before the commissioner in altering the highway
came only collaterally in question, and in which an appeal
was taken therefrom; and where an appeal has been taken
to the township board from *such* proceedings the statute
(How. Stat. § 1303) expressly says "their decision shall be
conclusive and final."

It is also held by this Court, in *Prescott v. Patterson*, 44
Mich. 525 (7 N. W. Rep. 237), that an appeal to the town
board in such a case is a waiver of previous defects and irreg-
ularities, but this rule does not apply to such defects as show
a want of jurisdiction or that the proceedings are void.

It is to be further noticed under this point that the record
does not purport to give all of the testimony in the case, but,
so far as the proceedings taken before the commissioner do
appear, they are regular, including the notice to remove
fences and open the highway.

But it nowhere appears that the commissioner or the town

board allowed the plaintiff any damages for his land taken for the use of the street. This must appear, or the proceedings will be void.

Damages to the amount of the value of the land taken, for farming purposes, must be allowed to the owner by the commissioner before the public can acquire any rights or interest in the property condemned. This was, in the present case, precedent to the right of the commissioner to enter upon the plaintiff's land for any purpose, and the acts of the defendants cannot therefore be justified under the commissioner's proceedings, and the judgment must therefore be affirmed.

The other Justices concurred.