## CHARLES WEBER v. PETER RYERS, COMMISSIONER OF HIGHWAYS, AND WILLIAM STAGRAY, CLERK, OF HAMPTON TOWNSHIP.

[See 65 Mich. 638; 68 Id. 17; 75 Id. 32.]

*Highways—Proceedings for alteration—Compensation to land-owner—Appeal to township board.*

1. The question of the adequacy of the compensation awarded by a highway commissioner for land taken for highway purposes is only reviewable by an appeal to the township board.
2. There is nothing in the present law of this State which forbids the altering of a highway on account of its long continued use.

*Certiorari* to review proceedings in altering a highway. Submitted June 26, 1890. Writ quashed August 1, 1890. The facts are stated in the opinion.

*Lindner, Porter & Haffey*, for petitioner.

*T. A. E. & J. C. Weadock*, for respondents.

CAHILL, J. The petitioner seeks to review by *certiorari* the proceedings taken by the commissioner of highways of the township of Hampton, in Bay county, in altering a certain highway in said township, known as the "Weber Road." He claims that the proceedings and the determination of the commissioner are erroneous, and ought to be reversed, for eight different reasons, five of which relate to the regularity of the proceedings by the commissioner, two to the compensation allowed by the commissioner, and one to the right of the commissioner to alter a highway that has been long established.

We have examined the return of the commissioner and

82 MICH.—12.

clerk, from which it clearly appears that the several errors assigned as 1, 2, 3, 4, and 8 are fully met, and are shown to have no foundation to rest upon. The return is, of course, binding upon us.

The fifth and seventh assignments of error relate to the compensation allowed petitioner for taking his land. That question cannot be reviewed in this proceeding, nor in any other manner, except by appeal to the township board.

The sixth error assigned is as follows:

"That it is incompetent to alter the line of said highway, the boundaries of which have been established between the public and this deponent by a user of twenty-seven years last past."

Under Act No. 130, Laws of 1873, it was provided that no highway which shall have been in use as such for an uninterrupted period of 10 years shall be discontinued, except by the unanimous vote of all the officers or authorities present at such meeting, approved, in the case of township roads, by the township board or boards. It was to this provision of the statute that the Court referred in the case of *Shue v. Highway Com'r*, 41 Mich. 638 (2 N. W. Rep. 808). But by Act No. 243, Laws of 1881, the laws relating to the establishment, opening, improvement, and maintenance of highways were revised, and the provision concerning highways that had been in use for 10 years was omitted, except as found in section 15,[1] chap. 1, of that act, which relates exclusively to line roads between townships, or between townships and municipalities.    Subdivision 2, § 1, chap. 1, and section 10, chap. 1.

This road is not such a highway as is described in section 15, nor is the purpose of this application to discon-

---

[1] How. Stat. § 1310.

tinue a highway, but to straighten it.    There is nothing in our present law which forbids the altering of a highway on account of its having been in use for a long time.

The writ will be quashed, with costs.

The other Justices concurred.