GEORGE H. BROWN v. THE TOWNSHIP BOARD OF GREEN-
FIELD.

*Highways—Proceedings to establish—Right of appeal.*

1. A general appeal may be taken from the order of a commissioner
   of highways laying out a highway.
2. The appellant waives all irregularities in the proceedings by
   taking a general appeal, and the only questions open to him
   are the necessity for opening the highway, and the damages
   to be awarded in case the necessity is found to exist.

*Mandamus.* Argued June 7, 1892. Granted June 10,
1892.

Relator applied for *mandamus* to compel respondent to
hear proofs on his appeal from an order laying out a
highway. The facts are stated in the opinion.

*William Look* and *H. F. Chipman,* for relator.

*George W. Radford,* for respondent.

PER CURIAM. A public highway was laid out across
the lands of the relator. He took a general appeal from
the decision of the commissioner to the township board
without specifying any special reasons. The relator was
ready to produce proofs before said board to show that
no public necessity existed for the opening of said high-
way, and that the damages allowed were insufficient.
The board declined to hear such proofs, for the reason
that no special grounds for the appeal were stated
therein.

The statute provides that such appeal shall be in writ-
ing, signed by the appellant, addressed to the township
board, and filed with the township clerk, and that the

board shall proceed, at the time and place specified in the notice to be given by the clerk, to hear the proofs and allegations of the parties, and may examine persons on oath in respect to the matter of such appeal. How. Stat. §§ 1302, 1303.

Respondent, in support of its contention, cites *Tefft v. Hamtramck*, 38 Mich. 558, and *Tyler v. Township Board*, decided February 25, 1891, but not reported. In these cases special grounds for the appeal were alleged in the notice, and we held that the appellants were limited to the grounds stated. These cases do not hold that the reasons for an appeal must be stated. It is a general rule of pleading that when one has stated the grounds of his complaint he will be limited to them.

Upon the appeal in this case two questions alone were open to the appellant: (1) The necessity; (2) the damages, if the necessity were found to exist. All irregularities, if any, were waived by the general appeal.

We think the statute clearly gives the right to such an appeal.

The writs is granted.