BROWN *v.* GREENFIELD TOWNSHIP BOARD. ·

109   557
127   180

1. Highways—Appeal to Township Board.

The determination of a township board upon an appeal from a decision of the commissioner of highways locating a road across appellant's land, and awarding compensation for the land so taken, is, under 3 How. Stat. § 1303, final and conclusive.

2. Same—Award of Damages.

The township board, upon such appeal, is not bound by the decision of the commissioner as to the amount of damages to be awarded, but may, under 3 How. Stat. § 1304, diminish or increase the same.

3. Same—Maximum Width.

3 How. Stat. § 1296, providing that public highways shall not be less than four rods in width, does not operate to restrict them to such width.

*Certiorari* by George H. Brown to review the proceedings of the township board of Greenfield township upon plaintiff's appeal from a decision of the highway commissioner establishing a highway across his land. Submitted April 21, 1896. Writ dismissed June 2, 1896.

*William Look*, for plaintiff in *certiorari*.

*George W. Radford*, for defendant in *certiorari*.

Long, C. J. Proceedings were instituted before the commissioner of highways of Greenfield township to open a road 100 feet wide along the section line of certain sections in said township, the road being about $2\frac{1}{2}$ miles long. In the proceedings the plaintiff was the only one of a large number of property owners who did not dedicate his land for such purpose. In the proceedings the commissioner found the road a public necessity, and awarded the plaintiff $80 damages. Plaintiff took a general appeal

from the decision of the commissioner to the township board, without stating any special reasons therefor. The township board convened for the purpose of hearing the appeal, but declined to consider it, because no reasons for the appeal were stated therein. Plaintiff thereupon applied to this court for *mandamus* to compel the township board to hear proofs on his appeal. The writ was granted, and in the opinion, which is reported in 92 Mich. 294, it was held that the appeal left only two questions to be determined by the board, and the writ was issued directing the board to assemble to hear the proofs, and (1) determine the necessity for taking the land for a public highway; and (2) if such necessity should be found by the board to exist, then to assess the damages incident thereto. Pursuant to the directions in this writ, the township board convened July 5, 1892, and heard the proofs and allegations of the parties, and, after inspecting that portion of the lands required for the proposed road, decided that the road was a public necessity, and awarded the plaintiff $75 damages. The present proceeding is by *certiorari* to the township board to review its action.

The affidavit for the writ raises no question except the regularity of the proceedings. The allegations of error are:

1. In compelling the plaintiff to prove a negative, that is, that there was no public necessity for the opening of said highway, without there being first some showing, or a *prima facie* case being made, that there was a real public necessity existing for the taking of the lands.

2. That the statute under which this proceeding was taken, in limiting the value of the lands of plaintiff to their value for farming purposes only, is unconstitutional.

3. That the township board erred in finding, as matter of law, that there was any testimony upon which to base a finding that there was a public necessity for the opening of said proposed highway.

4. In finding, as matter of law, that there was any testimony which tended to show that the valuation of the lands of plaintiff was $75.

5. In reducing the amount of compensation allowed the plaintiff by the commissioner of highways.

6. In finding that there was a public necessity for the opening of said highway.

7. In awarding $75 as damages to plaintiff for taking 3.04 acres of land.

8. In awarding damages to plaintiff, instead of just compensation incident to the opening of said highway.

The township board has made a return to the writ, stating that it met, pursuant to the writ of *mandamus* from this court, to inquire into the necessity for taking the land for the proposed highway, and to fix the compensation or damages of the plaintiff by reason thereof; that it denies that the plaintiff was in any way compelled to take the initiative; that the board heard all the testimony in behalf of the plaintiff, and also the testimony on the ground of the public necessity for said road, and the damages to the plaintiff; that, after hearing the testimony, the board adjourned to the 1st day of August, for the purpose of inspecting the premises upon which the proposed road was laid out; that it did inspect the premises, and certifies that the larger portion of the land required for said road was swamp, and covered with water, and wholly worthless for farming purposes; that, after inspecting the premises, the board convened again, and heard arguments of counsel upon the question of public necessity existing and damages to the plaintiff; and that the decision of the board was reached after a full and careful consideration of all the testimony, and after an inspection of the premises.

Under sections 1302 and 1303, 3 How. Stat., the decision of the township board is made final and conclusive. See, also, *Soller* v. *Township Board of Brown*, 67 Mich. 422. The plaintiff, having taken advantage of his remedy under this statute by appeal to the township board, must rest content with the result reached by that body. *Burt* v. *Highway Commissioners*, 32 Mich. 190; *Brody* v. *Township Board of Penn*, 32 Mich. 272; *Prescott* v. *Patterson*, 44 Mich. 525.

There was testimony before the board which we think warranted it in finding the public necessity existing for the highway, and also warranted the fixing of the damages for the taking at the sum of $75.

The statute places no such limitation upon the action of the commissioner in fixing the value of the land taken as is contended. The Constitution provides, by section 14, art. 18, that "the property of no person shall be taken for public use without just compensation therefor;" and section 1300, 3 How. Stat., provides that, under certain circumstances, the lands shall not be estimated at less than their value for general farming purposes.

The board had the legal right, under section 1304, 3 How. Stat., to increase or diminish the amount of damages fixed by the highway commissioner.

The contention, also, that the commissioner had no right to take land of the width of 100 feet cannot be sustained. Section 1296, 3 How. Stat., provides that public highways shall not be less than four rods in width. In *Tyler* v. *Township Board*, decided February 5, 1891, and not reported, the proceedings to open Hamilton boulevard 100 feet wide were reviewed and sustained by this court.

The writ of *certiorari* must be dismissed, with costs in favor of defendant in the writ.

The other Justices concurred.