SANGER *v.* TOWNSHIP BOARD OF BROWNSTOWN.

1. HIGHWAYS—LOCATION—APPEAL TO TOWNSHIP BOARD.
    The township board has no jurisdiction to hear an appeal
    from an order of the commissioner of highways laying
    out a highway until the notices required by the statute are
    properly served.

2. SAME—INSUFFICIENT NOTICE—EFFECT ON APPEAL.
    Where persons aggrieved by the determination of the high-
    way commissioner have duly filed their claim of appeal, and
    have appeared and prosecuted the same at the time and place
    designated in the notice served upon them by the township
    clerk, they have done all that the statute requires of them,
    and they cannot be deprived of the benefits of their appeal
    by the failure of the clerk to serve notice upon the com-
    missioner, but are entitled, in case the proceedings on the
    appeal are set aside for that reason, to another hearing
    after proper notice.

Error to Wayne (two cases); Steere and Hosmer, JJ.
Submitted June 14, 1898.   Decided July 18, 1898.

Petition by John P. Sanger and others for the opening
of a highway in Brownstown township.   The township
board, upon appeal, reversed the finding of the commis-
sioner that the proposed highway was a public necessity,
and Sanger removed the proceedings to the circuit court
by *certiorari*, where the decision of the board was set
aside, but "without prejudice to prior proceedings."
Meanwhile the board again decided against the necessity
of the highway, and, upon a second writ of *certiorari* to
the circuit court, that decision was affirmed.   Sanger
brings error from both judgments.   Affirmed.

*John W. McGrath*, for appellant.
*Wisner & Harvey*, for appellee.

HOOKER, J. Between Lake Erie and a road running parallel with the shore, known as the "River Turnpike," there are four parcels of land upon the south of the projected highway involved in this proceeding, and one to the north of it. Upon the south, Sanger, the plaintiff in *certiorari*, owns 80 acres of land bordering upon the lake, which is used for summer-resort purposes. West of him are two 80-acre parcels, owned by Wyman, and west of these a parcel owned by Quick. On the north side Wyman owns the land from the highway to the lake. On January 25, 1897, a petition, signed by 18 freeholders of the township, was presented to the highway commissioner, praying for a highway across the lands of Quick and Wyman, to the line of Sanger's land. A remonstrance, signed by 56 freeholders of the township, was presented. The commissioner filed a report that he had heard the proofs of the parties interested, and determined that said highway was a necessary public improvement, and awarded damages to Wyman and Quick, respectively. No plat accompanied the report. Wyman and Quick filed claims of appeal to the township board, with the township clerk, and a meeting of the township board was called for February 27th, to consider the appeals. All members of the township board were present; also Wyman and Quick. Sanger was also there, and was examined on oath. No objection to the proceedings was made on his behalf. The highway commissioner was not present, but the township clerk reported that he had served proper notices of hearing. Upon the hearing, the township board determined that the proposed highway was unnecessary. A writ of *certiorari* was thereupon taken to the circuit court by Sanger. The allegations of error were: (1) That no notice of the time and place of meeting to consider the appeals, provided by section 1302, 3 How. Stat., was given to or served upon the commissioner of highways. (2) That at the meeting of the township board no proof of such notice was presented to the board or filed with the township clerk.

The return shows that proper notices in writing of such appeals were served by the township clerk on the appellants and the highway commissioner, by leaving the same at their respective places of residence, except that the notice served on the commissioner, "respondents are informed," did not show the time and place of hearing the appeals; and, further, that the highway commissioner was not present because, though living and being present in the village at the time the meeting was held, and intending to be present thereat, he was requested by the plaintiff in *certiorari* to remain away, so that, if the decision of the board should be unfavorable to the opening of the highway, it would be overruled, because there was no proof of service of notices of hearing on file. This statement was based upon affidavits of the supervisor and highway commissioner, which accompanied the return and to which it referred. The cause was heard in the Wayne circuit court on March 31st, and the proceedings of the township board were "set aside for want of jurisdiction, the decision to be without prejudice to prior proceedings." The cause was then removed to this court by writ of error, by Sanger, whose counsel contends that the decision of the circuit court was erroneous, in so far as it declared the reversal of the proceedings of the township board to be without prejudice to the earlier proceedings.

Meantime the township clerk, treating the proceedings as a nullity, called a meeting of the township board for March 31st to consider said appeals, and caused notices thereof to be duly served, and on March 31st the township board met, and heard and determined said appeals, reversing the action of the highway commissioner, as before. On *certiorari* the Wayne circuit court affirmed this proceeding, and it is now before us upon a second writ of error, issued on the application of Sanger.

The two questions argued are:

1. Whether the first order of the circuit court was erroneous in attempting to declare that the reversal of the decision of the township board was without prejudice to the prior proceedings.

2. Whether the second decision of the township board can stand.

Inasmuch as the only appeal taken from the first order of the circuit court was taken by Sanger, we have no occasion to review the regularity of the first hearing before the township board. Neither party is in a position to claim that it was valid. Sanger has admitted it by claiming that it was not regular. The others are concluded by the judgment, from which they have not appealed. This question, then, resolves itself into the effect of the void action by the township board upon appellants' rights. They had no further responsibility than to duly make and file their claims of appeal, and appear and prosecute them at such time and place as the board should direct and give them notice of. The failure to give any, or an adequate, notice, was no fault of theirs. But it is contended that the board acquired jurisdiction by the appointment of a time and place, and by meeting at said time and place and hearing the appeals, notwithstanding the fact that the clerk omitted or neglected to give the statutory notice, and that the board might have cured the defect by an adjournment, with direction to the clerk to serve a notice for the adjourned day, and, failing to do this, they would lose jurisdiction. We are cited to cases of loss of jurisdiction by justices of the peace through failure to keep the proceedings alive by proper adjournments, as supporting this contention. This view seems at variance with the decisions in the following cases: In *Tefft* v. *Hamtramck Township Board*, 38 Mich. 558, it was said that "notification was a prerequisite to their right to proceed and make the order, and the validity of the order cannot be presupposed for the purpose of proving by its recital that a preliminary step, essential to its validity, was actually taken." In *Brazee* v. *Raymond*, 59 Mich. 548, which was a similar case, it was said: "The notice was a prerequisite to the right of the board to proceed."

We are of the opinion that the appeal was properly taken, and that, until the proper notices were served, the

township board had no jurisdiction to hear the appeal, notwithstanding the appointment of a day for hearing by the clerk, and that any attempt to do so was futile and a nullity. The action of the board being void, we see no reason why a new day might not be set and notices served. Had the clerk refused to appoint a day or serve notices in the first instance, *mandamus* would have compelled it, even at the instance of the appellees, who, if the appeal had the effect to vacate the commissioner's decision, might have no other remedy. Would this right be cut off by an unlawful assumption of jurisdiction? We think there is no good reason for denying the right to serve a new notice, and that it is supported by the view hitherto expressed in relation to the essentials of jurisdiction. As to the first order, we think it a proper, though unnecessary, expression of the circuit court upon the *status* of the prior proceedings.

Both judgments are affirmed, with costs.

The other Justices concurred.