CITY OF MT. CLEMENS *v.* MACOMB CIRCUIT JUDGE.

1. CONDEMNATION PROCEEDINGS—CITIES OF FOURTH CLASS—QUALIFICATIONS OF JURORS—CONSTITUTIONAL LAW.

Section 17, chap. 25, of the general act for the incorporation of cities of the fourth class ( Act No. 215, Pub. Acts 1895 ), which provides for a trial *de novo* in the circuit court, before a jury of the regular panel, on an appeal from justice's court in condemnation proceedings instituted under that chapter, is unconstitutional, since circuit court jurors are not necessarily freeholders from the vicinage, who only, under article 15, § 15, and article 18, § 2, of the Constitution, are qualified to sit in such proceedings.

2. SAME—WAIVER OF RIGHTS BY APPEAL.

The fact that an appeal is taken in such proceedings from justice's court, where, under the statute, a jury properly qualified is provided, cannot be construed as a waiver of the right to a constitutional jury in the circuit.

3. SAME—STATUTES—INVALID PROVISIONS—CONSTRUCTION.

Since the right of an appeal and of a trial *de novo* in the circuit is an essential part of the proceeding provided for in chapter 25 of the act, the unconstitutionality of the section respecting appeals invalidates the entire chapter.

*Mandamus* by the city of Mt. Clemens to compel James B. Eldredge, circuit judge of Macomb county, to vacate an order discontinuing condemnation proceedings. Submitted November 22, 1898. Writ denied January 20, 1899.

*O. C. Lungerhausen*, City Attorney ( *Seth W. Knight*, of counsel ), for relator.

*E. W. Meddaugh* ( *Geer & Williams* and *L. C. Stanley*, of counsel ), for respondent.

LONG, J. The city of Mt. Clemens was reincorporated under Act No. 215, Pub. Acts 1895. Sections 1 to 14, inclu-

sive, of chapter 25 of that act, confer upon cities of the fourth class the right to condemn land for streets and other purposes, and prescribe the method of procedure before a justice of the peace. Proceedings were taken by the city before a justice of the peace to condemn land for street purposes. Among the lands described were certain lands of the Grand Trunk Railway Company of Canada, and the Chicago, Detroit & Canada Grand Trunk Junction Railroad Company, extending across the right of way and tracks of such companies. A jury was duly impaneled before the justice as provided by the act, who returned a verdict and finding that it was necessary to take the property for the use and benefit of the public for the proposed public improvement, and awarded the railway companies certain damages, varying from 6 cents upon certain descriptions to $450 upon others. The order of confirmation was thereafter entered by the justice. The railway companies, within the time provided by the act, took an appeal to the circuit court. On June 15, 1898, the cause was called for trial. The parties appeared, and, the clerk being directed by the court to call a jury from the regular panel returned for that term, counsel for the railway companies objected to the cause being tried by such panel, for the reasons:

1. That though the jury contemplated by section 17, chap. 25, of the act, was the regular panel of jurors selected for the trial of causes in the circuit court, yet such jurors might or might not possess the qualification of jurors required by section 2, art. 18, of the Constitution of this State, and that no other or different jury than that provided by the Constitution could be called to determine the question of the necessity of taking private property for public use, or determine the just compensation therefor.

2. That section 17, chap. 25, of the act, is unconstitutional, in that it does not provide for such a jury.

The court below, after the argument of the questions stated, sustained the contention of counsel for the railway companies, and refused to proceed with the cause. Ap-

plication is now made here by the relator for *mandamus* to compel the court below to proceed with the hearing of the cause according to the rules and practice of the court.

It is the contention of counsel for relator:

1. That, by appealing to the circuit court from a tribunal where the railroad companies had a trial before a constitutional jury, they waived the right to a jury of freeholders, inasmuch as no such jury is provided on appeal, and that the writ should therefore issue, requiring respondent to proceed with the hearing before the regular panel of jurors.

2. That, if the machinery for carrying into effect such appeal be found defective, that portion only of the act should be held unconstitutional, and the proceedings before the justice should stand as final.

Section 15 specifically provides for an appeal from the determination of the jury in justice's court. Section 17 provides that:

"Upon filing the return of the justice as mentioned in the preceding section, the circuit court shall have jurisdiction of the case. The parties may proceed to trial by jury, without reference to any term of court, upon all questions involved in such proceedings, and the verdict or finding of the jury shall be conclusive. The appeal of one or more persons interested in any judgment of confirmation shall not in any way affect said judgment as to other persons interested therein, who do not appeal."

It is apparent from the language of this section that a trial is to be had *de novo* in the circuit court; that all the questions litigated in the justice's court may be again litigated in the circuit court on appeal. · The question as to the necessity of taking the lands for the public improvement, as well as the just compensation to be awarded therefor, may be retried on the appeal; so that the inquiry may well be made whether the regular panel of jurors drawn for a regular term in a circuit court are such jurors as are provided for by the Constitution in condemnation proceedings. Section 2, art. 18, of the Constitution, provides that:

"When private property is taken for the use or benefit

of the public, the necessity for using such property, and the just compensation to be made therefor, except when to be made by the State, shall be ascertained by a jury of twelve freeholders residing in the vicinity of such property, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law: *Provided,* the foregoing provision shall in no case be construed to apply to the action of commissioners of highways in the official discharge of their duty as highway commissioners."

Section 15, art. 15, provides that:

" Private property shall not be taken for public improvements in cities and villages without the consent of the owner, unless the compensation therefor shall first be determined by a jury of freeholders, and actually paid or secured in the manner provided by law."

The jurors provided by the Constitution, then, are to be such as are secured from the vicinage, and who are freeholders. The jurors returned to the circuit court under the statute (2 How. Stat. §§ 7554, 7555) are to be selected from the assessment rolls, having the qualifications of electors. Such jurors do not necessarily possess the qualifications required of jurors by the Constitution in the taking of private property for public uses. In *City of Owosso* v. *Richfield,* 80 Mich. 328, it was expressly held that the provisions of the charter which required jurors to be summoned, who were qualified to serve as jurors in courts of record, to serve in condemnation proceedings, were unconstitutional; and the verdict in that case was reversed, and the proceedings quashed. The court was not in error in the present case in refusing to go on with the case before that jury. The statute under consideration makes no provision for the summoning of jurors who would be qualified to serve in such cases in the circuit court. It points out no method for obtaining such a jury. We are therefore of the opinion that the sections of the act providing for the trial of such cases on appeal in the circuit court are unconstitutional, and that such trials cannot be had on appeal. This result is greatly to be re-

gretted, but it is a matter that the legislature alone can remedy.

The contention that the appeal must be dismissed, and the verdict before the justice affirmed, if this result is reached, cannot be sustained. The provisions for appeal are an essential part of the proceedings for the condemnation of land for public uses, and we cannot say that the legislature would have passed that portion of the act providing for such condemnation without giving the parties interested the right of appeal and a trial *de novo* in the circuit court. It may happen that valuable properties are to be condemned, even to the taking of homesteads. Justices of the peace are frequently chosen who are not learned in the law, and the proceedings before the justice with a jury in such cases may not always result in justice between the landowner and the city; and the legislature very probably had in mind that on appeal, where the jury were under the control and direction of the circuit court, a more just result might be reached, or where the court, on motion for confirmation, might set aside the findings for misconduct of the jury, as was held in *Fort-Street Union Depot Co.* v. *Backus*, 92 Mich. 33.

We are compelled to hold that chapter 25 of the act, which provides for taking private property for public use, is unconstitutional, and that the court below was not in error in refusing to proceed thereunder.

The writ must be denied.

The other Justices concurred.