CAMPAU *v.* LE BLANC.[1]

HIGHWAYS — ESTABLISHMENT — ADEQUACY OF AWARD — DECISION
OF TOWNSHIP BOARD—CONCLUSIVENESS.

A bill to enjoin the opening of a highway, alleging that com-
plainant's land was valuable for manufacturing purposes,
but that the commissioner awarded him damages based on
its value for farming purposes only, is properly dismissed,
where it appears that the commissioner's finding was
affirmed by the township board on an appeal taken by com-
plainant under 2 Comp. Laws, § 4042, and the decision of the
board is in no way impeached.

Appeal from Wayne; Rohnert, J. Submitted May 7,
1901. Decided June 17, 1901.

Bill by Alexis Campau and Adolph N. Marion against
David A. Le Blanc, highway commissioner of the town-
ship of Ecorse, to enjoin the opening of a highway.
From a decree dismissing the bill, complainants appeal.
Affirmed.

*William E. Henze,* for complainants.

*Stanton Clarke* (*Alfred Lucking,* of counsel), for de-
fendant.

MONTGOMERY, C. J. Complainants filed a bill to have
the proceedings of defendant, as highway commissioner of
Ecorse township, in laying out and opening a highway
through certain lands of complainants, set aside and
decreed to be null and void, and that said highway com-
missioner, and all persons claiming to act through or
under him, be perpetually enjoined from constructing,
using, or maintaining said public road through complain-
ants' lands, and from interfering with the peaceful posses-
sion and enjoyment of said lands of complainants.

Complainants' bill alleges ownership of the lands
described as part of P. C. 75 and 669, in that same town-
ship; that the land is located in the manufacturing district

———————
[1] Rehearing denied July 19, 1901.

on the river Rouge, and is worth about $1,500 per acre; that in August, 1899, proceedings were taken by defendant to open this road, and that for said road said defendant took a strip of land of complainants' containing 1.74 acres, and, in the language of said commissioner's report, "that he appraised the same at $100 per acre for general farming purposes, and awarded complainants $174 for the same;" that it does not appear in said commissioner's report that the commissioner appraised said lands at their actual value, or awarded to complainants the full market value of the strip taken for the road, and did not award just compensation for the lands taken for the road. Complainants further allege that they appealed to the township board, and that said board confirmed the commissioner's report, and that on Saturday, April 28, 1900, the commissioner entered upon the land, tore down fences, and proceeded to lay out a road, and threatens to use and maintain the same as a road. The charge by complainants that they were not tendered any compensation, and were not notified by the commissioner, is not maintained.

The testimony taken on the hearing discloses that, on the appeal to the township board, a full hearing was had, and testimony taken on behalf of the complainants, as well as in support of the commissioner's finding. The township board made an order affirming the finding of the commissioner. There is no charge in the bill impeaching the action of the township board. The complainants sought a remedy provided by statute. 2 Comp. Laws, § 4042. If there were previous irregularities (which does not appear), the appeal waived them. *Brody* v. *Penn Township Board*, 32 Mich. 272; *Prescott* v. *Patterson*, 44 Mich. 525 (7 N. W. 237). The decision of the township board, not being in any way impeached by the bill of complaint or the testimony, is conclusive and final. 2 Comp. Laws, § 4043; *Brown* v. *Greenfield Township Board*, 109 Mich. 557 (67 N. W. 566), and cases cited.

The decree dismissing the bill will be affirmed, with costs of this court to appellee.

The other Justices concurred.