## LOOMIS *v.* HARTZ.

1. CONSTITUTIONAL LAW—HIGHWAYS AND STREETS—STATUTES—EMINENT DOMAIN—APPEAL AND ERROR.

   Act No. 283, Pub. Acts 1909, providing for a review by appeal to the circuit court of proceedings to lay out a highway, is not in violation of the Constitution of 1909, Art. 13, § 1, for failing to provide for a jury of twelve freeholders, as in other proceedings, by eminent domain, since the action of the commissioner of highways in such proceedings is excepted from the constitutional requirement by the express language of said section.

2. SAME—TAKING PRIVATE PROPERTY.

   The exercise of the power of eminent domain is within the legislative control, subject to the provisions of the Constitution, and the necessity, time, and manner of its exercise are wholly legislative questions, subject to such restrictions.

Certiorari to Wayne; Murfin, J.   Submitted April 13, 1911.   (Docket No. 113.)   Decided May 8, 1911.

Proceedings by Oliver H. Loomis and other freeholders of the township of Plymouth, Wayne county, Michigan, to lay out a highway.   From an order of Berton D. Brown, highway commissioner, laying out a highway over lands of defendant, John C. Hartz, the defendant appealed to the township board, and, from its affirmance of the proceedings, to the circuit court.   An order of the circuit judge dismissing the appeal is reviewed by defendant on certiorari.   Reversed.

*Keena, Lightner & Oxtoby*, for appellant.

*C. C. Yerkes*, for appellees.

Stone, J.   In this case defendant seeks by certiorari to review the action of the circuit judge in dismissing an appeal from the township board of the township of Plymouth, in a certain highway proceeding, and to reinstate said appeal in the circuit court.

It appears: That, upon the petition of the requisite number of freeholders of said township, the commissioner of highways took certain action to lay out a highway therein through lands belonging to the defendant.   The defendant, conceiving himself aggrieved by the determination of such commissioner, perfected an appeal therefrom to the township board of said township.   That later said township board took action, and affirmed the determination of said commissioner in said matter.   That thereupon defendant, in pursuance with the statute, duly perfected an appeal from the determination of the township board to the circuit court for the county of Wayne.   Due return was made to said appeal.   Later said cause came on for trial on said appeal.   While the jury was being impaneled a question was raised by the circuit judge as to the constitutionality of the proceeding, and he finally, by order, dismissed the appeal, upon the ground that the statute

providing for an appeal and hearing is unconstitutional because it contravenes the express language of the Constitution of this State. After the denial of a motion to vacate said order and judgment, the defendant applied to this court for the writ of certiorari.

We must therefore answer the question: Did the circuit judge err in dismissing the appeal? Section 1 of article 13 of the present Constitution provides as follows:

" Private property shall not be taken by the public nor by any corporation for public use, without the necessity therefor being first determined and just compensation therefor being first made or secured in such manner as shall be prescribed by law."

Section 2:

"When private property is taken for the use or benefit of the public, the necessity for using such property and the just compensation to be made therefor, except when to be made by the State, shall be ascertained by a jury of twelve freeholders residing in the vicinity of such property, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law: *Provided*, that the foregoing provision shall not be construed to apply to the action of commissioners of highways, or road commissioners, in the official discharge of their duties."

The Constitution of 1850 as amended contained substantially the same provisions. From the language of the circuit judge as it appears in the record, he dismissed the appeal because he was of opinion that the statute is void, since it provides on appeal for a trial by a jury, which is not necessarily composed of twelve freeholders. In other words, he was of the opinion that the proviso above quoted applies only to the action of the commissioner of highways, and that it did not permit a hearing on appeal from the commissioner, unless that appeal was heard by twelve freeholders, or by three commissioners. It is evident that, if this reasoning is correct, then the statute providing for an appeal to the township board must also be held to be unconstitutional, because that board no more complies with the requirement of a jury of twelve freeholders or

three commissioners appointed by a court of record than does the ordinary jury in the circuit court. The infirmity in this reasoning of the learned circuit judge is that this is a proceeding by a commissioner of highways in the official discharge of his duty under the statute to lay out a highway; and in such a proceeding no jury is provided for in the Constitution, but it is expressly provided that the jury provision shall not apply. It is enough if the necessity therefor and just compensation therefor are first made or secured "in such manner as shall be prescribed by law," as is provided in section 1, above quoted. We must not lose sight of the fact that this proceeding, from beginning to end, is one by the commissioner of highways to lay out a highway, in which a jury is wholly dispensed with.

It should be borne in mind that each State by virtue of its statehood has the right to exercise the power of eminent domain. *Barron* v. *Baltimore,* 7 Pet. (U. S.) 243.

The exercise of such power is a matter entirely under the control of the legislature, subject to such restrictions as are found in the Constitution. The necessity, the occasion, time, and manner of its exercise are wholly legislative questions, with the exception just stated. *Swan* v. *Williams,* 2 Mich. 427; *Woodmere Cemetery* v. *Roulo,* 104 Mich. 595 (62 N. W. 1010). As we have already said, the jury clause of the Constitution does not apply to such proceedings of the commissioner of highways, as we are here considering. It is enough if the statute has been complied with in a given case. This distinction is well illustrated by the case of *City of Mt. Clemens* v. *Macomb Circuit Judge,* 119 Mich. 293 (77 N. W. 936). That was a case where the Constitution imperatively required a jury of twelve freeholders in the first instance; and in such a case it is clear that no trial *de novo* on appeal could be had before an ordinary jury. But we are here dealing with a case where no jury of any kind is required by the Constitution; hence the difference. We shall not dwell upon the fact that for half a century ap-

peals have been allowed from the commissioner of highways to the township board in this State, and that appeals to the circuit court from the township board have been a part of our law since 1901. Cases too numerous to cite involving these appeals have been before this court. It is true that the constitutionality of these statutes has not been directly raised, but their validity and the procedure under them have been sustained. Among these cases have been the following: *Sanger* v. *Brownstown Township Board*, 118 Mich. 19 ( 76 N. W. 121); *Campau* v. *Le Blanc*, 127 Mich. 179 ( 86 N. W. 535); *Brown* v. *Greenfield Township Board*, 109 Mich. 557 ( 67 N. W. 566 ); *Weber* v. *Ryers*, 82 Mich. 177 ( 46 N. W. 233 ); *Dubois* v. *Riley Township Board*, 126 Mich. 587 ( 85 N. W. 1067 ). We might add many others.

We are of opinion that the circuit judge erred in dismissing the appeal, and that the order and judgment should be reversed and the appeal reinstated.

OSTRANDER, C. J., and BIRD, HOOKER, and BRAIR, JJ., concurred.